Oakley J.
This was an action on a note drawn by Goddard & Burnap, and payable to the defendants. It bore date at New-York, where the defendants resided, and was made payable at the State Bank of Georgia at Eatonton. It was indorsed by the defendants, and under their name, by E. Molyneux; audit had been indorsed under the name of Molyneux, by Stiles fy Fannier, and by D. B. Halstead. The two last indorsements were stricken out.
The note was sent by Stiles & Fannier, who resided at Savannah, to Halstead at Milledgeville, for collection, who indorsed it, and sent it to the cashier of the Bank at Eatonton, where it was payable. The evidence sufficiently shews that the note remained in the Bank until it fell due, when it was handed by the cashier (there being no funds there to pay it) to a notary, who made a personal demand of payment on the maker, who resided at Eaton-ton. The notary, not knowing the residence of the defendants, *119 or of any of the indorsers, before Halstead, made out notices of demand and of non-payment, directed to them severally, and ed them in a letter to Halstead, which was deposited in the post office at Eatonton without delay. By the order of the mail, that letter did not leave Eatonton for Milledgeville until five or sis days had elapsed. Immediately on the receipt of the notice to the defendants by Halstead, he directed it to thenrat New-York; and it was despatched from Milledgeville, without delay; but by the arrangements of the mails it could not have reached New-York, by several days, as soon as it would have done if it had been sent directly from Eatonton.
On this state of facts, the defendants object, 1st, that the note was not duly presented for payment at the Bank, and 2dly, that there was a want of due diligence in giving notice to the defendants of non-payment.
As to the first objection, it is clear, that a note payable at a particular place, must be presented for payment at that place; but it cannot be doubted that the facts in this case show such a presentment. The note was in the bank at the time it fell due, and in the hands of the cashier, who was authorized to collect it. If the makers had called there to pay it, it would have been delivered up to them. There was no necessity for the cashier to make any other demand. His subsequent delivery of the note to a notary, and his personal demand on the makers, was probably by way of greater caution, and was clearly unnecessary. [2 H. B. 509. 6 Mass. 524.]
I am of opinion, also, that there was no want of diligence in giving notice to the defendants. The objection rests on the ground that Halstead, knowing the residence of the defendants, ought to have informed the cashier of the bank; and in that case, notice would have been received by the defendant several days sooner than it was.
The rule governing this part of the case seems to be clearly laid down in Mead v. Engs, (5 Cow. 303.) The Supreme Court there fully establish the principle that the holder of a note, receiving and indorsing it for the purpose of collection, and being therefore merely an agent, is nevertheless to be considered as the real holder for the *120 purpose of receiving and transmitting notices. And the general rule seems clearly settled, that it is sufficient to give notice of nonpayment with reasonable diligence, to the indorser, from whom the note was received, that he may give notice to Ms immediate indorser, &c.
Applying that principle to the present case, it was enough for the cashier of the bank, or the notary, to give notice by the earliest opportunity in the regular course of the mail, to Halstead, which was done; and it would have been sufficient for him, to have given the like notice to his immediate indorsers at Savannah. It is clear that the defendants in this case received the notice as soon, or sooner, than they would have done if it had been remitted in that circuitous manner. The same doctrine is also recognized in Tunno v. Lague, (2 J. Ca. 1.) and in Haynes v. Birks. (3 Bos. & Pul. 599.) The motion for a new trial must be denied.
Motion for new trial denied.
[Ogden & Huggins, attys. for plffs. J. Greenwood, atty. for deft.]