By the Court,

Bronson, J.
Persons arrested under a warrant for an offence may, in certain cases, be brought before a magistrate other than the one who issued the process (2 R. S. 708, § 12, 13). But the title in which these sections are found only relates to those criminal offences which the magistrate can not himself finally decide. It provides for the arrest and examination of offenders; and if not discharged for want of sufficient, proof, §20, the prisoner is either to be bailed or committed for trial, §25. The statute does not, I think, extend to this case, and the justice proceeded [213] without jurisdiction.
But if the defendant could be brought before a different magistrate from the one who issued the warrant, the justice erred in taking cognizance of the matter without any proof that Fairchild was absent. The constable did not in his return state the absence of the justice who issued the warrant, § 12; and although an issue of fact was joined before Justice Tillotson upon that point, he proceeded to decide it without any proof whatever. What the constable told him on that subject, or what the justice himself happened to know, were matters of no legal consequence. The constable should either have stated the fact officially in his return, or the absence of Fairchild should have been proved by a witness.
There is another fatal objection. The defendant did not confess the com plaint. He demurred to the sufficiency of the warrant. Although called a demurrer, it was only an objection that the warrant was insufficient. The justice properly overruled the objection, but he erred in pronouncing judgment, and imposing a fine in the absence of any proof whatever that ar offence had been committed. The statute directs that the justice shall, in such cases, proceed summarily to inquire into the facts, and if the defendant be found guilty, a record of the conviction is to be made (1 R. S. 676, §73) A subsequent act provides that the defendant, before the court shall proceei, to investigate the merits of the cause, may demand a trial by jury (Session Laws of 1834, p. 82, § 1).
This is not a re-examination of the conviction on the merits (1 R. S. 676 §73). If any evidence had been given to prove the offence, the decision ol the justice would not be reviewed; but this was a conviction in the total) absence of all proof of guilt. It is enough, however, that the justice had no jurisdiction.
Conviction reversed.