### THE TROY CITY BANK *vs.* GRANT, and others.

Where the holder of a promissory note sent it when due to the bank at which it was payable, and the bank, erroneously supposing the maker to be in funds, credited the holder with the amount, but on discovering its mistake next day, corrected it, and served the indorsers with notice of non-payment; *held*, in an action on the note against the indorsers, that it had not been paid, and that due steps had been taken to charge them.

Where the note is payable at a particular place, a *personal demand* is not essential. It is the business of the maker to furnish funds at the place, ready to take up the paper on the day it falls due; and if the holder, or any one for him, is there with it, so that he may be in a situation and ready to receive the money and give up the note, it is sufficient.

ACTION by indorsee against indorsers. The note was made by H. Richards, 29th August, 1842, for $218.10, payable three months after date to the order of the defendants,

at the Bank of Troy, and indorsed by them and held by the Troy City Bank. On the 2d December, the third day of grace, the note was sent by the holder to the Bank of Troy for payment. Through the merest mistake, the bank on looking at Richards' account supposed he was in funds, and as it was in the habit of paying his notes when presented, if in funds, noted it as good, credited it to the City Bank, and charged it to Richards' account. They discovered the next morning (3d December) the mistake, and corrected it, and caused due notice to be given to the indorsers of the non-payment on the 2d. Richards had no funds in the bank, nor was the bank under any obligation, nor had it any understanding with him, to pay the note, nor was Richards in attendance during the day at the place for the purpose of making the payment.

The Troy City Bank, the holder, refused to cancel the credit in the exchanges, but allowed this action to be brought for the benefit of the Bank of Troy, or whom it might concern.

When the testimony closed, the defendants moved for a nonsuit on the following grounds: 1. That the note in question had been paid on the 2d December. 2. That if there was not a payment, the facts proved did not make out a demand and refusal on the day the note became due. 3. That there was no sufficient notice of non-payment.

The objections were overruled, and the plaintiff had a verdict. Defendant moves for a new trial on a bill of exceptions.

*By the Court*, NELSON, Ch. J. There can be no question about the correctness of the recovery in this case, unless the facts, as disclosed, fail to make out a demand and refusal at the bank on the day the note fell due. Every other step necessary to charge the indorsers appears to be regular.

Where the note is payable at a particular place, a personal demand is not essential; it is the business of the maker to furnish funds at the place ready to take up the paper on the day it falls due; and if the holder or any one for him is there with it, so that he may be in a situation and ready to receive the money, and give up the note, it is sufficient.

(2 H. Bl., 510; 5 Esp., 265; 13 Mass., 558; 2 Hall, 119; 7 Wend., 160.)

In this case the note was made payable at the Bank of Troy, where the funds should have been placed, and was in the hands of the officers of the institution to whom they should have been paid, on the day it became due. No funds of the maker were there at the time, nor was payment offered by him. If he had called to take it up, it would have been delivered to him; or if funds had been placed in the bank for the purpose, they would have been, at once, appropriated. No form of demand beyond what actually took place surely could be made or required, unless the cashier had made a demand upon himself.

The cases above are full to show that the evidence in the case made out a sufficient demand and refusal within the sense and meaning of the commercial rule.

Then did the fact of entering the payment at the moment, through mistake and misapprehension, change the legal character and effect of the transaction? That would be against all principle and justice, unless the error has operated to the prejudice of the indorsers. I admit, the omission to take the legal steps which are a condition to an indorser's liability on the paper, by mistake, can not be regarded, these being an essential part of the contract. But when they have been taken, and the performance of the condition is complete, and the indorsers are duly and legally charged with the debt, it can scarcely be expected that the law will permit them to be discharged from the obligation; and the debt fastened upon an innocent party, through a casualty that may sometimes happen to the most vigilant.

The truth is that the payment under the circumstances disclosed and relied on, in judgment of law, was no payment at all; and we must regard the case, and test it by principles, wholly irrespective of this consideration; and then the recovery stands upon unquestionable authority, as may be seen from the cases already refered to.

New trial denied.