## JONES *versus* ELLIOTT *&* als.

A justice of the peace has authority to renew an execution at any time within two years from the expiration of his commission, although at the time of doing it, he may be rightfully exercising the duties of an executive officer.

In the renewal of an execution, a justice of the peace acts, not judicially, but ministerially.

ON REPORT from *Nisi Prius*, HATHAWAY, J., presiding.

DEBT on a poor debtor's relief-bond.

The bond was taken to procure the debtor's arrest upon a pluries execution, issued by a justice of the peace.

It was shown that the justice, after rendering the judgment, and before the expiration of his justice commission, was appointed to the office of jailer; and that while in that office and within two years after his appointment to it, he issued the execution upon which the arrest was made. The case was submitted to the Court.

*O. D. Merrick,* for the plaintiff.

*E. E. Brown,* for the defendants.

The power of the justice to issue an execution is a *judicial* power. It ceased upon his acceptance of his appointment as jailer, which is an *executive* office. Const. of Maine, Art. 3, § 2; 3 Maine, 484; R. S. c. 104, § 9 and 10; 7 Maine, 14; 28 Maine, 188; 1 Arch. & Chris. Black. 359.

HATHAWAY, J. — A justice of the peace, in issuing an execution on a judgment rendered by him, acts ministerially, not judicially, and his power to renew executions is continued for the term of two years after his *judicial* power under his commission expires. R. S. c. 116, § 28.

In the case at bar the execution was a *pluries*, issued by the justice within two years after he had been appointed jailer.

It is therefore immaterial whether the offices of justice of the peace and jailer are incompatible or not. The justice had authority to renew the execution, either by virtue of his commission or the statute.

As agreed by the parties a default must be entered.

SHEPLEY, C. J., and WELLS and HOWARD, J. J., concurred.