## PRATT *vs.* HILL and others.

A magistrate has no authority to order a person, accused of a criminal offense, to be committed until a subsequent day, for examination, without the accused being first brought before him.

Accordingly, where a justice of the peace issued a warrant for the arrest of an individual, upon a criminal charge, late on Saturday night, with an indorsement thereon, directing that the accused should be committed until

Pratt *v.* Hill.

the following Monday, for examination, and the constable arrested the accused, on the same evening and committed him to jail without first bringing him before the justice; *Held* that the justice had exceeded his authority, and that he, together with the constable and his assistants, was liable in trespass.

THIS was an appeal by the defendants from a judgment entered against them at a special term, upon the verdict of a jury. The complaint alleged that on the 24th day of February, 1849, the defendants assaulted and unlawfully arrested the plaintiff and carried him to jail without right or authority, and kept him there from Saturday night till Monday. That the defendant Meeker was a justice of the peace of Saratoga county; that Jones made oath and complaint before him that the plaintiff and two others had committed a riot in said county; that Meeker issued a warrant against plaintiff and the others. That Meeker indorsed upon said warrant, before it was issued, "commit the within named Rake Bliss, Jack Spicer and Rufus Pratt, till next Monday for examination. February 24, 1849. A. Meeker, justice." That the defendant Hill was a constable of Saratoga county, and arrested the plaintiff and took him to jail on said evening and refused to take him before said justice, or to take bail, and that the plaintiff remained in jail till the 26th day of February. That the defendant Jones accompanied Hill in arresting and taking the plaintiff to jail. That the defendant Meeker refused to take the examination of the plaintiff on the evening of the 24th, or to take bail for his appearance the next Monday. That the plaintiff remained in jail till the next Monday, against his will. The answer of the defendants denied most of the allegations in the complaint, and alleged, that it was late on Saturday evening when the warrant was issued; that the constable took the plaintiff to jail for safe keeping, as he had a right to do. That from Saturday night till Monday morning was a reasonable time for the plaintiff to be committed for examination. The defendant Jones answered that the plaintiff, with others, committed a riot. The cause was tried at the Saratoga circuit in June, 1851, before Justice Hand. The material facts alleged in the complaint were proved, on the trial. The court charged the jury, 1st. That

Pratt *v.* Hill.

a magistrate cannot by an indorsement on the back of a war-
rant, as had been done in this case, authorize an officer to take
a person named in the warrant and charged with crime to jail, to
await an examination, in the first instance, without being first
brought before him, whether for the convenience of the magis-
trate or otherwise. That if the officer, and Jones in assisting him,
acted upon the authority, and by virtue of that indorsement, in
putting the plaintiff in jail at the time and on the occasion
proved in this case, and not in the exercise of a reasonable dis-
cretion of the officer, the defendants were all liable for the illegal
act.    2d. But that a constable has a right and it is his duty,
when he makes an arrest at a time of night which makes it un-
reasonable for him to take the accused before a magistrate, to
keep him safely until a seasonable time arrives, and that a jail,
within a reasonable distance and in a case of reasonable necessity,
could, with the consent of the jailer, be used for the purpose.
That in such a case, the officer, if he acted in the exercise of
reasonable discretion, was not liable to an action for so detaining
a person in jail, nor were those who assisted in the performance
of his duty, by his command.    That there was no pretense that
the arrest in this case was not legal in the first instance, and if
the defendant Hill, in putting the plaintiff in jail, acted in good
faith, and not unreasonably in the exercise of this power and
discretion, then the defendants should all be acquitted, even
though he supposed the indorsement sufficient authority also,
for one valid power would justify the act, although he claimed to
have others which were invalid.    3d. But if he relied upon the
indorsement solely for his authority, and without the exercise of
any discretion in the case, then all the defendants, if the wit-
nesses were believed, were liable.    4th. If he did not act upon
the indorsement, and had clearly abused his authority or discre-
tionary power, and had unnecessarily and in bad faith commit-
ted the plaintiff to jail when he should have taken him before
the magistrate, he was answerable to the plaintiff; and Jones, if
he voluntarily assisted him, or if he procured the act to be
done, and aided in it, was also liable.    But in that case Meeker
would not be liable.

Pratt v. Hill.

*Wm. A. Beach*, for the defendants.

*W. B. Litch*, for the plaintiff.

*By the Court*, HAND, P. J.   There is some confusion in the pleadings in this case ; but the plaintiff sets out the indorsement on the back of the warrant, and the defendants, Hill and Jones, admit it, and, as I understand their answers, they also admit that the plaintiff was taken to jail by authority thereof.   The defendant Meeker put in the answers for the other two defendants, as their attorney, but that is no admission of the truth thereof on his part ; and his answer may be considered a general denial of this part of the complaint.   As to Hill and Jones, perhaps they were not entitled to the benefit of the 1st and 2d subdivisions of the charge to the jury.   However, the jury must have found the imprisonment was by the direction contained in the indorsement on the back of the warrant.

When the cause was before us on the former motion for a new trial, this subject was fully discussed, and on the last trial I intended to rule in conformity to the views of a majority of the court upon this point, as then expressed.   The correctness of that ruling is the principal matter now under discussion.

Where a magistrate has jurisdiction, and acts within that jurisdiction, he is not liable in an action of trespass, for mere error in judgment.   If he acts from malicious or improper motives, or in bad faith, in some cases he may be liable in another form of action.   But if he has no jurisdiction to do the act complained of, he is liable ; and if that appears upon the face of the papers, as a general rule all concerned are trespassers.   (*Reynolds* v. *Orvis*, 7 *Cowen*, 269.  *Evertson* v. *Sutton*, 5 *Wend.* 281.  *Lewis* v. *Palmer*, 6 *Id.* 367.   *Merritt* v. *Read*, 5 *Denio*, 352.   3 *Hill*, 458.   5 *John.* 282.   *Tate* v. *Chambers*, 3 *N. & M.* 523, *Edwards* v. *Ferris*, 7 *C. & P.* 542.   *West* v. *Smallwood*, 3 *M. & W.* 418.   *Caudle* v. *Seymour*, 1 *A. & E.* 889.   *King* v. *Birnie*, 5 *C. & P.* 206.   *Prickett* v. *Gratrex*, 8 *A. & E.* 1020.   *Wedge* v. *Berkeley*, 6 *Id.* 663.   *Rex* v. *Constable*, 1 *Q. B. Rep.* 894, *n. Cupps* v. *Denden*, *Cowper*, 640.   *Case* v. *Moun-*

Pratt *v.* Hill.

*tain,* 1 *M. & G.* 257 *and notes.*) If *Rogers* v. *Mulliner,* (6 *Wend.* 600,) and *Hoose* v. *Sherrill,* (16 *Id.* 33,) are law, still the principle upon which they were decided does not protect the defendants, if the imprisonment was by the authority of the indorsement, and that was illegal.

The statute requires the warrant to command the officer to whom it shall be directed forthwith to take the person accused and bring him before the magistrate, (2 *R. S.* 707, § 3,) except in certain specified cases. (2 *R. S.* 707, 8, §§ 11, 12. *Laws of* 1845, *ch.* 180. *People* v. *Fuller,* 17 *Wend.* 211.) And so are the forms of warrants of arrest, to answer upon a charge of crime. (*Barb. Cr. L.* 460, 468, 574.) A party may be arrested on a charge of felony, without warrant, by an officer; if he has just grounds of suspicion. (*Samuel* v. *Payne, Doug.* 359, (345.) 1 *Russ. Cr. L.* 595. *Arch. Cr. L.* 445. 2 *Phil. Ev.* 425, *n. Davis* v. *Russel,* 5 *Bing.* 354. *Cowles* v. *Dunham,* 2 *C. & P.* 565. *Holley* v. *Mix,* 3 *Wend.* 350.) These were cases of felony and not misdemeanors. The officer merely acts ministerially even when he arrests on suspicion. (*Ledwith* v. *Catchpole, note to McCloughan* v. *Clayton,* 1 *Holt's N. P.* 478.) But even in that case, the duty of the officer to take the party arrested before the magistrate, is the same.

General warrants, except perhaps when issued by the secretary of state, are held void in England. (*Money* v. *Leach,* 1 *W. Bl.* 555.) And a warrant should not be returnable at a particular time; for that might detain the party in custody, and the law has fixed the time for its return, which is immediately. (1 *Chitty's Cr. L.* 40, 59. *Barb. Cr. L.* 460, 467. *Matthew* v. *Parker,* 8 *T. R.* 110. *And see Queen* v. *Douney,* 7 *Q. B.* 281. *Wright* v. *Court,* 4 *B. & C.* 596.) If this direction is to be considered a part of the warrant, it makes it returnable at a future day. In *Wright* v. *Court,* the constable was held liable for false imprisonment, because he kept the prisoner until the prosecutor could get witnesses. No doubt the justice, on the accused being brought before him, may detain him a reasonable time for examination. (*Wright* v. *Court, supra.* 2 *Hall,* 120. *Davis* v. *Capper,* 10 *B. & C.* 28. *Ex parte Smith,* 5 *Cowen,*

Pratt *v.* Hill.

273. 1 *Chitty Cr. L.* 73. *Moor,* 408. *And see Lock* v. *Ashton,* 12 *Q. B.* 871.) And that may be done without warrant. (1 *Chitty's Cr. L.* 73. 1 *Hale,* 585.) Therefore if there was authority to commit at all, in *Ex parte Smith,* (*supra,*) no objection could have been taken to the form. But the difficulty here is, the justice ordered the accused to be committed without first being brought before him. The case of *Boughton* v. *Mulshoe,* (*Moor,* 408 ; *S. C.* 20 *Vin.* 482,) turned on the fact that the plaintiff was in the presence of the justice, when the latter ordered the defendant, a constable, to take him into custody till next day. Even that will not be sufficient, without good cause. In *Edwards* v. *Ferris,* (7 *C. & P.* 542,) the plaintiff got drunk on Sunday night, and was locked up till Monday noon by the constables, and then brought out by them, and on their meeting the defendant, a magistrate, in the street, he said to them "take him back ; I will see him to morrow," and he was taken back and brought out the next day. The magistrate was held liable for false imprisonment. Patterson, J. before whom the cause was tried, said : "It would be a very fearful thing indeed if any magistrate is at liberty, meeting a man in custody in the streets, to say, 'take him back for 24 hours and bring him up to-morrow.'" Leave was granted to move to enter a nonsuit, but no motion was made.

I have no doubt the magistrate in this case acted from an honest belief that he was authorized to make the indorsement on the back of the warrant. But as to that it was an excess of jurisdiction, and wholly illegal ; and therefore not a question of good faith, but of authority. The law watches personal liberty with vigilance and jealousy ; and whoever imprisons another, in this country, must do it for lawful cause and in a legal manner.

Judgment affirmed.

[CLINTON GENERAL TERM, July 4, 1853. *Hand, Cady* and *C. L. Allen,* Justices.]