In the matter of Arthur Henry.

# SUPREME COURT.

## IN THE MATTER OF ARTHUR HENRY.

Where an officer arrests a person for felony on telegraphic or other satisfactory dispatches, without warrant, it is his duty, equally as if the arrest had been made by warrant, to take the arrested party without any unnecessary delay before some officer who can take such proofs as may be offered, or if the circumstances will justify it, hold him for further examination.

If this is not done with reasonable diligence, the party arrested can apply for a

In the matter of Arthur Henry.

*habeas corpus,* calling on the officer to show cause why he is detained. And on the return of the writ, the rule is that where the arrest is upon suspicion and without warrant, proof must be given to show the suspicion to be well founded. If no such proof is offered, it is the duty of the officer to discharge the party.

*Proceedings on Habeas Corpus at Chambers, Utica. Before Justice* BACON, *June* 9, 1865.

W. KERNAN, JR., *for applicant.*

BACON, J.    The defendant in this case applied for a writ of *habeas corpus,* to inquire into the cause of his detention, &c.    It appears by the return that he was arrested by the police officers of this city on the 25th day of May last, upon a telegraphic dispatch from Chicago, announcing that he had fled from that place a few days before, having robbed his landlord of $525 in money.   He was placed in confinement, and a dispatch sent to Chicago communicating the arrest and detention, and asking further directions.   Correspondence and dispatches ensued, detailing more particularly the offence and the alleged offender, and announcing that a requisition would be obtained and forwarded as soon as possible, and assigning about the last of May as the time when it would certainly be here, and desiring the prisoner to be held for that purpose.   He was accordingly detained in custody until the 8th inst., when the writ was applied for and granted, returnable on the 9th.   No warrant has ever been issued, nor has the party ever been brought before any magistrate for examination.   On the return of the writ no affidavits nor any other proof of the alleged larceny have been furnished, but all the information afforded rests in letters unauthenticated except by the signature of the chief of police at Chicago, and the telegraphic dispatches purporting to come from him, the last dispatch indicating that a requisition has finally been obtained.

Under these circumstances, I am reluctantly compelled to grant his discharge.   The officers were undoubtedly

In the matter of Arthur Henry.

authorized to make the arrest. The rule is that a private person even, may arrest a party, if a felony has in fact been committed, and there was reasonable ground of suspicion ; but in the case of an officer, he is justified in making an arrest if no felony was in fact committed, if he acted upon information from another on which he had reason to rely. This is the well settled rule in the English courts, sanctioned and followed in this state in the case of *Holley* agt. *Mix* (3 *Wend.* 350). In such case the officer acts ministerially, and is entirely justified in making the arrest, and it is a power very important to be exercised to prevent the immediate escape of felons. But he has another duty to perform. In the case where the arrest is made under a warrant, the officer must take the prisoner without any unnecessary delay before the magistrate issuing it, in order that the party may have a speedy examination if he desires it ; and in the case of an arrest without warrant, the duty is equally plain, and for the same reason, to take the arrested party before some officer who can take such proof as may be offered, or if the circumstances will justify it, hold the suspected party for further examination (*Pratt* agt. *Hill*, 16 *Barb.* 307).

If this is not done with reasonable diligence, the party arrested can apply for a *habeas corpus*, calling on the officer to show cause why he is detained, and with the return to the writ the rule is that where the arrest is upon suspicion, and without a warrant, proof must be given to show the suspicion to be well founded (2 *Inst.* 52). No such proof has been exhibited to me. The original grounds of suspicion indeed remain, and may be deemed presumptively strengthened by the last dispatch, but they contain no element of proof in the legal sense, and would not authorize me to detain him. This will not probably result in any practical defeat of justice if the party is guilty, or a case of strong suspicion exists, since there is nothing that I can see to prevent his arrest upon a warrant regularly

issued by some competent authority, and his detention until a proper examination can be had, or a requisition be made to do its appropriate office.

The prisoner is discharged upon this writ.