Smith v. Casner.

No error appearing in the record, the judgment will be affirmed.

All the Judges concurring.

---

Wm. M. Smith v. Fred W. Casner.

No. 44.

1. JUSTICE OF THE PEACE—*Immunity from Civil Liability.* A justice of the peace, in common with all judicial officers, acting within the scope of his jurisdiction, enjoys absolute immunity from liability in a civil action; but he is not excused when acting without jurisdiction, nor when he exceeds the jurisdiction conferred upon him by law, however honest his motives may be, and however plainly it may appear he was intending to keep within his powers.

2. COMMITMENT FOR COSTS—*False Imprisonment.* After a complaining witness, against whom judgment has been duly and legally rendered for all the costs accruing in the proceedings had upon a complaint filed before a justice of the peace, charging the defendant therein with malicious trespass, has executed a bond as prescribed by and in substantial compliance with the requirements of section 18, chapter 83, General Statutes of 1889, such justice has no longer any authority to commit such complainant until the costs are paid, and, should he do so, he thereby renders himself liable in a civil action for the actual damages resulting therefrom.

MEMORANDUM.—Error from Lincoln district court; W. G. EASTLAND, judge. Action by Fred W. Casner against William M. Smith for false imprisonment. Judgment for plaintiff. Defendant brings the case to this court. Affirmed. The opinion herein, filed April 3, 1896, contains a sufficient statement of the case.

*E. A. McFarland, David Ritchie,* and *C. B. Daughters,* for plaintiff in error.

*Fred W. Casner,* defendant in error, for himself.

The opinion of the court was delivered by

CLARK, J.: One Cornelius Reed was charged in justice's court with malicious trespass. Fred W. Casner was the complaining witness, and virtually conducted the prosecution on behalf of the state. On January 18, 1892, a trial was had, and the jury returned a finding of not guilty, and that the prosecution was malicious and without probable cause.

Section 18, chapter 83, General Statutes of 1889, an act regulating the jurisdiction and procedure before justices of the peace in cases of misdemeanor, provides that

" Whenever the defendant, tried under the provisions of this act, shall be acquitted, he shall be immediately discharged, and if the justice or jury trying the case shall state in the finding that the complaint was malicious or without probable cause, the justice shall enter judgment against the complainant for all costs that shall have accrued in the proceedings had upon such complaint, and shall commit such complainant to jail until such costs be paid, unless he shall execute a bond to the state, in double the amount thereof, with surety satisfactory to the justice, that he will pay such judgment within 30 days after the date of its rendition."

Upon the return of the verdict and finding of the jury, the defendant was discharged, and judgment was duly entered against the complainant for the costs that had accrued in the proceedings had upon the complaint, and for his commitment to the county jail of Lincoln county until the costs should be paid. On the same day, Casner executed a written undertaking, with satisfactory security, which was approved by the justice, to pay said judgment within 30 days after the date of its rendition. Having failed to comply with the terms of the undertaking within the

time stipulated therein, the county attorney, at the request of the justice, made repeated though unsuccessful efforts to induce Casner to pay the judgment; but no attempt was made in any manner to enforce its payment until June 23, 1892, when the justice, after consultation with the county attorney, and after being by him advised that he had a legal right so to do, and without giving the complainant any opportunity to show cause why he should not be committed for failure to pay the judgment rendered against him, issued an order of commitment, under and by virtue of which Casner was taken into custody by the sheriff, and so remained until the afternoon of the same day, when he was released by the probate judge of Lincoln· county upon proceedings in *habeas corpus.* Thereafter, Casner paid the judgment, and brought this action for false imprisonment against W. M. Smith, the justice before whom the foregoing proceedings were had and by whom the order of commitment was issued. The jury returned a verdict in favor of the plaintiff, assessing his actual damages at $4, and judgment was rendered thereon. To reverse this judgment, the defendant, Smith, has brought the case to this court.

The real question at issue is: Did the justice have any authority to commit the complaining witness, after having approved the undertaking above referred to, and after more than five months had elapsed since the rendition of the judgment for costs, and without previous notice of intention so to do? And if the justice had no such authority, is he liable in a civil action for the actual damages resulting therefrom? The plaintiff in error contends that the undertaking given by Casner to pay the costs within 30 days was void for the reason that no obligee is named therein.

38—2 APP.

The form of the bond which the complainant is required to execute as the alternative of being committed for failure to pay the costs is not set forth in the statute. While the instrument in question names no obligee, it is otherwise formal in all respects. The obligatory part thereof reads as follows : ''Now, we, the undersigned, residents of said county, bind ourselves in the sum of $225 to pay all costs which have been assessed in said action within 30 days of date.'' The record shows that the form of this instrument was prepared by the justice for the signatures of Casner and his surety, and after it was executed the justice approved and filed it. It does not appear from the record that its validity or sufficiency to accomplish the purposes contemplated by the statute had ever been questioned by either of the parties to this action, or by any person or officer in whose favor costs were taxed, or by any other person, until upon the trial of this action an objection was interposed to its admission as evidence on behalf of the defendant in error. The plaintiff in error did not attempt to justify his act in issuing the commitment in question on the ground that this undertaking was defective in any respect, but, on the other hand, he claimed that he was justified in so doing because the defendant in error had failed to pay the judgment within 30 days from the date of its rendition, as stipulated in the undertaking approved by him. In his answer to plaintiff's petition, he alleged that he was a duly elected and qualified and acting justice of the peace, and that whatever acts were done as alleged by the plaintiff were done by the defendant in his judicial capacity as such justice, and that he was therefore not liable in a civil action for damages. We think, in view of all the circumstances of this case, that the undertaking

was properly admitted in evidence. It was executed by the defendant in error to avoid being committed to the county jail until the costs were paid. The statute provides that the justice "shall commit such complainant to jail until such costs shall be paid, unless he shall execute a bond," etc. He did execute an instrument, the form of which was prepared and approved by the justice, and which was believed by all parties interested in or connected with the transaction to be sufficient to secure to the defendant in error immunity from commitment to the county jail, in default of the payment of the judgment rendered against him, and was treated by all parties as valid and as being in substantial compliance with the requirements of the statute. Such being true, we do not think the plaintiff in error should be permitted to question its validity in an action against him to recover the actual damages resulting from the issuance of an order of commitment for failure to comply with the terms of the undertaking.

The court instructed the jury that

" Under the facts, which are undisputed in evidence in this case, it becomes a mere question of law whether the arrest and detention of the plaintiff, Casner, under the commitment read in evidence, was lawful or not. And I say to you that his arrest and detention at that time was not authorized by law, as, after giving the bond in the case of the state of Kansas against Reed by Casner, and its approval by the justice, the justice could not legally issue a commitment."

We think, under the evidence, this instruction was proper, and correctly stated the law applicable to this case. We also think that, after judgment has been rendered against a complaining witness, and he has executed a bond to pay the costs within 30 days after the rendition of the judgment, and such bond has

been approved by the justice, all power to issue a commitment is at once at an end, and a failure to pay such judgment within the time stipulated in the bond does not restore the right to commit the witness. The plaintiff in error contends that the act of the justice in issuing the commitment was a judicial one, and that for that reason he cannot be held liable in damages. The law is well settled that a judicial officer acting within the scope of his jurisdiction enjoys absolute immunity from liability in a civil action. (*Clark v. Spicer*, 6 Kan. 440 ; *Randall v. Brigham*, 7 Wall. 523.) It is also held that judges of courts of record of superior or general jurisdiction are not liable in civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly. A distinction, however, is made between excess of jurisdiction and of clear absence of all jurisdiction over the subject-matter. Where there is clearly no jurisdiction over the subject-matter, any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible ; but when jurisdiction over the subject-matter is invested by law in the judge or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case, although upon the correctness of his determination in these particulars the validity of his judgment may depend. (*Bradley v. Fisher*, 13 Wall. 335.) But it is universally held that an inferior judicial officer is not excused for exceeding his jurisdiction, however honest may have been his motives, and however plainly it might appear he was intending to keep within his powers. Judge

Cooley, in his treatise on the Law of Torts, at page 420, says :

" Why the law should protect the one judge and not the other, and why, if it protects one only, it should be the very one who, from his higher position and assumed superior learning and ability, ought to be most free from error, are questions of which the following may be suggested as the solution : The inferior judicial officer is not excused for exceeding his jurisdiction because, a limited authority only having been conferred upon him, he best observes the spirit of the law by solving all questions of doubt against his jurisdiction.   The rule of law, therefore, which compels him to keep within his jurisdiction at his peril cannot be unjust to him, because, by declining to exercise any questionable authority, he can always keep within safe bounds, and will violate no duty in doing so.   Moreover, in doing so he keeps within the presumptions of law, for these are always against the rightfulness of any authority in an inferior court which, under the law, appears doubtful.   On the other hand, when a grant of general jurisdiction is made, a presumption accompanies it that it is to be exercised generally until an exception appears which is clearly beyond its intent.   Its very nature is such as to confer upon the officer intrusted with it more liberty of action in deciding upon its powers than could arise from a grant expressly confined within narrow limits, and the law would be inconsistent with itself if it were not to protect him in the exercise of this judgment."

The judgment in this case was rendered on January 18, 1892.   Had no bond been executed, Casner could have been legally committed to the county jail at that time ; but a bond executed by him with satisfactory surety was accepted and approved by the justice, and from that time all authority to issue a commitment ceased.   So far as respects this question, it is as if no judgment for the commitment of the complaining witness had ever been entered.   That part

of the judgment had, in law, been satisfied. No attempt was made to enforce the collection of this judgment, either by execution or by an action upon the bond, and more than five months had elapsed from the date of its rendition before the issuance of the ·order of commitment. The defendant in error was not even cited to appear and show cause why he should not be committed. Even if the justice had authority to issue the order on June 23, we think that the complainant was entitled to "his day in court," and should have had legal notice · of such contemplated action. At the date of the issuance of the writ, there was no longer a case pending before the justice to be adjudicated by him. What remained was simply to carry into effect that part of the judgment that had not been satisfied. It has been held that the issuance of an execution or an order of commitment in a case like this is a ministerial act, and not a judicial one. (*Sullivan v. Johns*, 2 Gray, 570 ; *Fisher v. Deans*, 107 Mass. 118 ; *Briggs v. Wardwell*, 10 Mass. 356 ; *Doggett v. Cook*, 11 Cush. 262 ; *Allen v. Gray*, 11 Conn. 95 ; *Percival v. Jones*, 2 Johns. Cas. 49 ; *Case of Knowles*, 8 Greenl. 71 ; *Jones v. Elliott*, 35 Me. 137.) But, even if such act should be construed as a judicial one, it was clearly in excess of jurisdiction conferred by law, and therefore void. (*Hauss v. Kohlar*, 25 Kan. 640 ; *Clarke v. May*, 2 Gray, 410 ; *Piper v. Pearson*, 2 id. 120 ; *Bigelow v. Stearns*, 19 Johns. 39 ; *Briggs v. Wardwell*, supra ; *Percival v. Jones*, supra ; *Allen v. Gray*, supra ; *Houlden v. Smith*, 14 Q. B. 814 ; *Perkin v. Proctor*, 2 Wils. 386 ; *Spencer v. Perry*, 17 Gray, 413 ; *Pratt v. Hill*, 16 Barb. 303.) In the case last cited the court said :

"I have no doubt the magistrate in this case acted from an honest belief that he was authorized to make

the indorsement on the back of the warrant; but, as to that, it was an excess of jurisdiction and wholly illegal, and therefore not a question of good faith, but of authority. The law watches personal liberty with vigilance and jealousy, and whoever imprisons another in this country must do it for lawful cause and in a legal manner."

As the justice was without authority to issue the writ under which the defendant in error was taken into custody, he is liable in a civil action for the actual damages resulting therefrom.

It follows that the judgment must be affirmed.

GILKESON, P. J., concurring.

GARVER, J., not sitting in the case, having been of counsel in the court below.