(172 App. Div. 729)

## DAVIS v. CARROLL et al.

(Supreme Court, Appellate Division, Fourth Department.  May 3, 1916.)

1. ARREST ⬳63(4)—REASONABLE GROUNDS—COMMISSION OF FELONY.

Defendants, police officers of a city, who, acting under orders of a superior officer, who had received information from police of another city that a robbery had been committed there on the previous evening, that one of the robbers had escaped and taken the train upon which plaintiff was subsequently arrested, with a description of such man, which plaintiff fairly answered, and requesting his arrest, had reasonable ground for believing that a felony had been committed and that plaintiff was one of the guilty parties.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. §§ 149–156; Dec. Dig. ⬳63(4).]

2. ARREST ⬳70—ARRAIGNMENT—STATUTE.

Under Code Cr. Proc. § 165, providing that defendant must in all cases be taken before the magistrate without unnecessary delay, and that he may give bail at any hour of the day, defendants, police officers, who, in the nighttime and without a warrant arrested plaintiff, a passenger on a train, and confined him at police headquarters on a reasonable belief that he was guilty of having committed a felony, owed him the duty to take him before the magistrate the next morning, even though the magistrate did not have jurisdiction to investigate the felony committed in another county.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. §§ 171–173; Dec. Dig. ⬳70.]

3. FALSE IMPRISONMENT ⬳39—ACTION—QUESTION FOR JURY—TIME OF DETENTION.

Where plaintiff was held in custody for many hours after he might have been taken before a magistrate, plaintiff was entitled to a submission of the questions whether he should not have been brought before a magistrate and whether he was not detained and deprived of his liberty longer than was permitted by law.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. § 54; Dec. Dig. ⬳39.]

Appeal from Trial Term, Onondaga County.

Action by John W. Davis against Thomas F. Carroll and others. From a judgment in favor of defendants against plaintiff for $280.37 costs upon a directed nonsuit, plaintiff appeals. Reversed, and new trial granted.

Argued before KRUSE, P. J., and FOOTE, LAMBERT, MERRELL and DE ANGELIS, JJ.

William H. Harding, of Syracuse, and Graham Foster, of New York City, for appellant.

Frank Hopkins and Giles H. Stilwell, of Syracuse, for respondents.

FOOTE, J.  Defendants are police officers of the city of Syracuse. In the nighttime on February 19, 1914, they arrested plaintiff, who was a passenger on a train of the New York Central Railroad traveling from Buffalo to New York, as the train stopped at the Syracuse station, and caused him to be taken to the police headquarters in Syracuse, where he was locked up in a cell and kept in confinement until

late the next afternoon, when he was released without having been brought before a magistrate. In making this arrest defendants acted upon the orders of one of their superior officers of the police department, who had received information by telephone from the police department headquarters in the city of Buffalo to the effect that a felony had been committed in that city the previous evening by two colored men, who had robbed a jewelry store of diamonds to the value of $2,000, that one of the men had been apprehended, and that the other had escaped and taken the train upon which plaintiff was subsequently arrested, and giving a description of the man who had thus escaped, to which description plaintiff fairly answered, and giving the name of the party wanted as Lester Brown, and requesting that he be arrested by the Syracuse police department upon the arrival of the train in that city. This information was communicated to the defendant Carroll by his superior officer, who had received it, and Carroll was requested to procure the assistance of the other defendants and to arrest the party wanted, if found upon the train. This was done, and the defendants Carroll and Connelly, who were detective officers, took plaintiff to the police station, and after searching him they had him locked up in a cell and reported what they had done to the lieutenant of police in charge of the station. They then went away from the station upon other work, and none of the defendants saw plaintiff again until after this action was begun. All the defendants were assigned to night work and were expected to sleep during the day.

The police department at Buffalo was in some way advised of the arrest, and a member of that department arrived in Syracuse some time in the afternoon following the arrest, and upon seeing plaintiff he at once discovered that plaintiff was not the man wanted, and so advised the officers then in charge of the police station, who, after making an effort to get plaintiff to sign a release without success, finally released him late in the afternoon. The city police court was in session that day, beginning at 9:30 in the morning, but plaintiff was not brought before the court. It was conceded that the alleged felony had been in fact committed in the early evening at Buffalo, and it appeared that plaintiff left Buffalo on the train on which he was arrested within an hour or two after the burglary was committed. It appeared that plaintiff had been a private in the United States Army stationed in the Philippine Islands; that he was honorably discharged from the army on February 12, 1914, for disability, at San Francisco; that he purchased a railroad ticket from San Francisco to New York, stopped over one or two days in Chicago, and that he arrived in Buffalo some two or three hours before he left for the East; that when arrested he had in his possession his discharge from the army, his railroad ticket, and a Bible, with his name in it, and some other papers tending to identify him as John W. Davis, and tending to show that he was not, in fact, Lester Brown.

[1, 2] We think the learned trial judge was clearly right in holding as matter of law that the circumstances already mentioned and others which appeared at the trial were sufficient to give defendants reasonable grounds for believing that a felony had been committed and that

plaintiff was one of the guilty parties. The learned trial judge granted a nonsuit at the close of all the evidence given upon both sides, and ruled against plaintiff's objection and exception that defendants owed no duty to plaintiff to take him before the magistrate the next morning, inasmuch as, they being ordinary policemen and after the arrest having turned plaintiff over to their superior officers and so losing jurisdiction over plaintiff, that the rule requiring the person so arrested to be taken promptly before a magistrate did not apply to them. Section 165 of the Code of Criminal Procedure provides:

"The defendant must in all cases be taken before the magistrate without unnecessary delay, and he may give bail at any hour of the day or night."

While this section occurs in the chapter headed "The Warrant of Arrest," still we think it is applicable to an arrest made by an officer without a warrant as in this case, and it must apply to the officers who made the arrest in this case, though without a warrant, unless there is some charter provision of the city of Syracuse which has not been called to our attention by which the responsibility is placed upon some other members of the police department. So far as we are aware the provisions of this section first appear in statutory form in this state in the Code of Criminal Procedure as adopted in 1881, but we think it effected no change in the common law. See Green v. Kennedy, 46 Barb. 16; s. c., 48 N. Y. 653; Matter of Henry, 29 How. Prac. 185; Pratt v. Hill, 16 Barb. 303; Burns v. Erben, 40 N. Y. 463. Since this section of the Criminal Code was adopted it has been held applicable to cases of arrest without a warrant by a police officer. See Pastor v. Regan, 9 Misc. Rep. 547, 30 N. Y. Supp. 657, affirmed 90 Hun, 607, 35 N. Y. Supp. 1114. While the Syracuse police magistrate did not have jurisdiction to investigate the crime committed in the county of Erie, still the policy of the statute seems to be that a police officer should have no discretionary power to hold suspected persons under arrest unless he takes the person at the first reasonable opportunity before a magistrate and obtains the authority or instructions of the magistrate as to his further procedure.

[3] As the duty of bringing plaintiff before the magistrate was upon the defendants who made the arrest, and as that duty was never discharged by the defendants or any one else, and as plaintiff was held in custody for many hours after that might have been done, we think plaintiff was entitled to have submitted to the jury the question as to whether he should not have been brought before the magistrate, and as to whether he was not detained and deprived of his liberty longer than was permitted by law. It has been held in Massachusetts (Keefe v. Hart, 213 Mass. 476, 100 N. E. 558, Ann. Cas. 1914A, 716) that it cannot be ruled as matter of law that a delay of one hour and a quarter in bringing a person arrested for a felony without a warrant before the magistrate was reasonable.

Respondent cites the following cases as authority for the proposition that the defendant police officers are not liable to plaintiff for their failure to take plaintiff before the magistrate, or to see to it that that was done: Newman v. N. Y., L. E. & W. R. R. Co., 54 Hun, 335, 7 N. Y. Supp. 560; Grinnell v. Weston, 95 App. Div. 454, 88 N. Y. Supp.

781; Gearity v. Strasbourger, 133 App. Div. 701, 118 N. Y. Supp. 257; Burton v. N. Y. C. & H. R. R. R. Co., 147 App. Div. 557, 132 N. Y. Supp. 628, affirmed 210 N. Y. 567, 104 N. E. 1127; Davern v. Drew, 153 App. Div. 844, 138 N. Y. Supp. 1017, affirmed Same v. Breen, 214 N. Y. 681, 108 N. E. 1092. In none of these cases, except the Davern Case, was the action brought against the officer who made the arrest. Hence the question here presented was not involved or considered in those cases. In the Davern Case, the officers who made the arrest were joined as parties defendant with others who caused the arrest to be made. The verdict of the jury was in favor of the officers and against Drew, who instigated the arrest. Drew alone appealed. The correctness of the jury's verdict relieving the officers from liability was not involved on the appeal. Moreover, respondents' counsel relies upon the dissenting opinion of Mr. Justice Scott as supporting his position, but a majority of the court did not concur in that opinion, nor was it approved in the Court of Appeals.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.