## COUNTY COURT—SCHUYLER COUNTY.
### March, 1909.

## THE PEOPLE v. JOSEPH JERATINO.

(62 Misc. 587.)

(1). CONVICTION ON PLEA OF GUILTY—ARREST WITHOUT WARRANT.

Where a person is arranged before a magistrate upon a charge of keeping a disorderly house and enters a plea of guilty, his conviction is not invalidated by reason of his having been arrested by a police officer without a warrant.

(2). SAME—TRIAL—SENTENCE IN EXCESS OF JUDGMENT.

In such a case, where a fine of fifty dollars is imposed, the direction that the defendant in default of the payment of the fine stand committed to the county penitentiary one hundred days is in excess of the judgment of imprisonment which should have been pronounced; but where the defendant pays the fine and has not suffered injustice by reason of the error in pronouncing sentence, upon appeal to the County Court the sentence will be modified by prescribing a period of imprisonment not exceeding fifty days.

APPEAL by Joseph Jeratino from a judgment of the police court of the village of Watkins, convicting the defendant of keeping a disorderly house in violation of section 322 of the Penal Code.

The defendant was arrested by a deputy sheriff, without a warrant, on the 4th day of January, 1909, arraigned before the police justice on the same day, and entered a plea of guilty, whereupon the court, upon such plea of guilty, convicted the defendant and sentenced him to pay a fine of fifty dollars, or, in case of non-payment, to be imprisoned one hundred days in the Monroe county penitentiary.

*M. O'Connor* and *Lewis H. Watkins,* for appellant.

*George M. Velie, District Attorney,* for people.

NYE, J.:

The defendant was arrested on the 4th day of January, 1909,

at the saloon occupied and conducted by him, on Franklin street, in the village of Watkins, New York, and was immediately taken before the police justice, where he was arraigned upon the charge of keeping and conducting a disorderly house at the saloon conducted by him and the rooms over the same, and of keeping and conducting a disorderly house at said place at the time of his arrest, on the 4th day of January, 1909. He was informed by the court of the charge against him and of his right to counsel in every stage of the proceeding and the right to time to procure the same. The defendant entered a plea of guilty to the charge, and the court thereupon convicted the defendant and pronounced judgment that he pay a fine of fifty dollars and that, in case of non-payment, he be imprisoned one hundred days in the Monroe county penitentiary.

It is urged on the part of the defendant that his arrest without a warrant was illegal, and that the court acquired no jurisdiction.

The power of a police officer or peace officer to arrest for a crime is defined by sections 167 and 182 of the Code of Criminal Procedure. This was substantially a re-enactment of the rules at common law. Except in a case of felony, a peace officer can arrest without a warrant only for a crime committed or attempted in his presence. Code Crim. Pro., § 177.

" As a general principle no person can be arrested or taken into custody without a warrant." *Burns v. Erben,* 40 N. Y. 463.

Section 177 of the Code of Criminal Procedure provides that " A peace officer may, without a warrant, arrest a person,

" 1. For a crime, committed or attempted in his presence.

" 2. When the person arrested has committed a felony, although not in his presence.

" 3. When a felony has in fact been committed, and he has reasonable cause for believing the person to be arrested to have committed it."

In this case the defendant was charged by the officer making

the arrest with the crime of keeping and conducting a disorderly house at the time and the place of his arrest; and, having pleaded guilty to the charge, it was sufficient to warrant the police court in finding that the crime was committed in the presence of the officer making the arrest.

I think that the point as to the defendant's arrest does not affect the legality or validity of his conviction. A complaint was made and the court had jurisdiction of the offense charged. It was, therefore, authorized to try and determine the complaint against the defendant. The general rule is that it is no defense to a criminal prosecution that the defendant was illegally and forcibly brought within the jurisdiction of the court. *People v. Ebespacker,* 79 Hun, 410.

Defendant's counsel contends that the police justice should have issued a warrant after the defendant was brought before him. The arrest was properly made without a warrant. Section 177, Code Crim. Pro. There was no necessity for then issuing a warrant. The office of a warrant is to bring the defendant before the court; and a warrant, if issued after the defendant's arrest, would have commanded the officer to arrest the defendant and bring him before the magistrate, an entirely useless proceding at a time when the defendant was already arrested and before the magistrate upon the same charge. The view above expressed seems to be fully sustained by reason and authority. *People ex rel. Gunn v. Webster,* 75 Hun, 281; *People v. Burns,* 19 Misc. Rep. 681.

It is also urged upon the part of the defendant that the sentence pronounced by the court was unlawful and illegal. Section 484 of the Criminal Code provides that a judgment that the defendant pay a fine may also direct that the defendant be imprisoned until the fine be satisfied, specifying the extent of the imprisonment, which cannot exceed one day for every one dollar of the fine. Section 718 provides that the judgment that the defendant pay a fine may also direct that he be imprisoned until the fine be satisfied, specifying the extent of the imprisonment, which cannot exceed one day for every dollar of

the fine. The direction of the court below that the defendant in default of the payment of fifty dollars fine stand committed to the Monroe county penitentiary one hundred days was in excess of the judgment of imprisonment, which should have been pronounced by the police court; but the conviction of the defendant is nevertheless valid, notwithstanding the sentence pronounced was illegal. In *People v. Kelly,* 97 N. Y. 212, the defendant was convicted of the crime of assault in the third degree, for which a person can only be imprisoned in a county jail or penitentiary for a term not exceeding one year, or by a fine of five hundred dollars, or both, and was sentenced to be imprisoned at hard labor in a State prison. It was held that the sentence was void; but, as the conviction was valid, the prisoner was not entitled to a discharge on habeas corpus. Section 764 provides that the appellant court must give judgment, without regard to technical errors or defects which have not prejudiced the substantial rights of the defendant, and may render the judgment which the court below should have rendered, or may, according to the justice of the case, affirm or reverse the judgment, in whole or in part, or may modify the sentence. The defendant has suffered no injustice by reason of the error of the police court in pronouncing sentence; for he has paid the fine of fifty dollars and has not suffered the imprisonment, and, even had he been imprisoned under the sentence pronounced by the court, the fifty days' imprisonment, which sentence the court might have legally pronounced, would not have expired before the hearing upon this appeal.

The sentence of the police court is hereby modified to read as follows: The sentence of the court is, that the defendant pay a fine of fifty dollars, that he be imprisoned in the Schuyler county jail until the fine is satisfied, not exceeding fifty days.

Judgment and sentence of the police court as thus modified are affirmed.

Judgment modified and affirmed.