## SUPREME COURT — APPELLATE DIVISION — FOURTH DEPARTMENT.

### December 22, 1920.

## THE PEOPLE v. DOMINICK DILEO.

(194 App. Div. 793.)

(1) PLUMBERS—VIOLATION OF GENERAL CITY LAW, SECTION 45, REQUIRING MASTER PLUMBERS TO PROCURE LICENSE—CONVICTION IN CITY COURT OF UTICA.

It is not sufficient ground for reversing the conviction of the defendant in the City Court of Utica for a vioaltion of section 45 of the General City Law requiring an employing or master plumber to secure a certificate of competency, that it was recited in the warrant that the information laid before the magistrate charged the crime of violating sections ''45 or 45-b'' of the General City Law.

(2) SAME—WARRANT DESIGNATING TWO CRIMES IN ALTERNATIVE—INFORMA-
TION CHARGING VIOLATION OF SECTIONS 45 OR 45-B NOT GROUND FOR
DISCHARGING DEFENDANT.

The fact that the information laid before the magistrate purported to
charge the commission of two misdemeanors was not a ground for dis-
charging the defendant, for section 278 of the Code of Criminal Pro-
cedure has no application to proceedings in Courts of Special Sessions.

*It seems*, that even if the prosecution had been by indictment and
objectionable in charging more than one crime, that objection could have
been taken only by demurrer and would be waived if not so taken.

(3) SAME.

Since the sentence imposed was appropriate to a violation of either
section and it clearly appears that the conviction was for a violation of
section 45, the motion to discharge the defendant was properly denied.


APPEAL by the defendant, Dominick Dileo, from a judgment
of the County Court of the county of Oneida, entered in the
office of the clerk of said county on the 26th day of May, 1920,
affirming a judgment of the City Court of the city of Utica,
convicting the defendant of violating section 45 of the General
City Law.

*David E. Powers,* for the appellant.

*William Ross Lee, District Attorney (E. L. O'Donnell, As-
sistant District Attorney,* of counsel), for the respondent.

KRUSE, P. J.:

The defendant was convicted in the City Court of Utica
of conducting the business of plumbing in that city without
first submitting himself to an examination before the examining
board and obtaining a certificate of competency, as required
by section 45 of the General City Law, which offense is made
a misdemeanor by section 55 of that act.*

The proof is ample to establish his guilt, but he contends that
the conviction should be reversed because the information
charges two crimes, and that the warrant is defective in omit-

---

* See General City Law, § 57, as amd. by Laws of 1913, chap. 753.—[REP.

ting to definitely designate the crime charged. The information states that the defendant is guilty of the crime of violating sections 45 and 45-b of the General City Law, and the warrant recites that the information laid before the magistrate is the crime of violating section 45 or 45-b of that act.

It is contended that the recital in the warrant that the defendant has violated one or the other of these two sections is not a specific accusation of a violation of either. That may be so, but this defect is not a sufficient ground for reversing the conviction. (People v. Harmon, 49 Hun, 558; People v. Olmsted, 74 id. 323.) Even if a defendant is illegally or forcibly brought within the jurisdiction of the court it does not justify a reversal of a judgment of conviction. (People v. Eberspacher, 79 Hun, 410; People ex rel. Lawton v. Snell, 216 N. Y. 527.)

The objection urged against the information is also groundless. As before stated, section 45 requires an employing or master plumber to submit to an examination and obtain a certificate of competency from the examining board of plumbers. Section 45-b (as added by Laws of 1916, chap. 305) provides that no person otherwise qualified shall engage in such business without obtaining from the board or department of health, or, in the city of New York, from the examining board of plumbers, a metal plate or sign lettered or marked " Licensed Plumber," and conspicuously posting the same as therein provided.

While the information states that the defendant failed to post such a sign, this statement is made in connection with the preceding statements setting forth that the defendant was engaged in the plumbing business without first submitting himself to an examination before the examining board and obtaining a certificate, and it is argued that the omission to post the sign is a circumstance to fortify the accusation that the defendant had not taken the examination and received the certificate of competency. But assuming that there were two distinct misdemeanors charged, this would not have justified the discharge

of the defendant, as defendant contended at the trial and now urges.

At common law it was permissible to join separate and distinct misdemeanors, even if followed by different penalties, and a general judgment was good where there was a single sentence and appropriate to either count, upon which the conviction was had. (People v. Dunn, 90 N. Y. 104; People v. Kerns, 7 App. Div. 525.) While this rule has been changed by the Code of Criminal Procedure as regards indictments (§ 278), it has been held that this rule has no application to proceedings in Courts of Special Sessions. (People v. Polhamus, 9 App. Div. 134.)

Even if the prosecution had been by indictment and objectionable in charging more than one crime, that objection could only be taken by demurrer and would be waived if not so taken. (Code Crim. Proc. §§ 323, 331; People v. Wiechers, 94 App. Div. 19; People v. Tower, 135 N. Y. 457.)

Here the sentence was appropriate to a violation of either section, and besides, it clearly appears that the conviction was for a violation of section 45, since the only question submitted to the jury was whether the defendant engaged in the business of master or employing plumber.

The motion to discharge the defendant was properly denied, and the judgment of the County Court, affirming the judgment of conviction by the City Court, should be affirmed.

All concur, DE ANGELIS, J., not sitting.

Judgment affirmed.