William E. Ringel, J.
The defendant was charged with committing a traffic infraction, to wit: speeding. The infraction was in violation of the Traffic Regulations of the City of New York, and was committed wholly within the city limits, viz.: Queens County, near the Nassau County line. The defendant was served with a summons for “ speeding” but said summons was concededly served in Nassau County, some short distance over the county line.
The summons was the usual New York City Magistrate’s Court traffic summons. The service of such summons is not valid outside of the City of New York. (Tobias v. Perry, 25 Misc. 74; Cobb, Inferior Criminal Courts Act, p. 209; N. Y. City Crim. Cts. Act, § 116.) Such summons is authorized in lieu of arrest, its purpose being to save a citizen the embarrassment of arrest for a minor law infraction. (People v. Kempner, 95 N. Y. S. 2d 425.) The defendant could ignore such service but would be liable to arrest for the infraction upon the filing of a sworn complaint and *273 the issuance of a warrant thereon. (People v. Levins, 152 Misc. 650.)
The officer could have arrested the defendant in Nassau County and brought him back to New York City (Code Grim. Pro., § 177) and served the summons there. (N. Y. City Crim. Cts. Act, § 116.)
The conviction is therefore reversed and the defendant discharged. Pine ordered remitted.