Louis L. Friedman, J.
Petitioner applies for an order, in the nature of prohibition, restraining respondents “ from entertaining jurisdiction ” of a charge of disorderly conduct as set forth in a purported summons served upon petitioner by one Irving Domroe, an employee of the Department of Sanitation of the City of New York.
On December 29, 1959 (erroneously set forth in the summons as 1960), the petitioner was served with a summons charging him with a violation of the Sanitary Code. The man who served the summons ivas another employee of the Department of Sanitation who was accompanied by Domroe. Both of these men at that time, although concededly employees of the Department of Sanitation of the City of New York, were dressed in gray uniforms similar to those worn by some of the police officers of the city, and each of them wore a badge affixed to the uniform which indicated that they were special patrolmen. The summons for the Sanitary Code violation which was served on petitioner was taken from a book of summonses in customary use in the City of New York by police officers, and had been issued to the said “ special patrolmen ” through their department by the Board of City Magistrates of the City of New York under the authority granted by subdivision h of section 116 of the New York City Criminal Courts Act which permits such summonses to be issued “ to members of the police force of and all other peace officers in the city of New York ”.
The service of this summons upon petitioner resulted in a dispute, which caused Domroe to arrest petitioner on a charge of disorderly conduct. Petitioner was taken to the police station house where after hearing the facts, the station house desk officer suggested that a summons be issued instead of the arrest. Accordingly, Domroe, acting as a patrolman attached to the Sanitation Department of the City of New York, issued summons No. F528872 which originated the present proceeding, charging petitioner Kenler with the offense of disorderly conduct.
On the return date of the summons, Kenler was required to be in court. Conceding jurisdiction over his person on the Sanitary Code violation, he pleaded guilty and paid the fine imposed upon him by the City Magistrate. A notice of appearance was filed by an attorney who appeared for him on the disorderly conduct charge, and the jurisdiction of the court to entertain said charge was then promptly challenged. In effect, defendant appeared specially. The matter was thereupon *866 adjourned to a later date for all purposes, and on the adjourned date, the court, after hearing the points raised by defendant (petitioner herein) in support of his special appearance, adjourned the matter again, and directed both the District Attorney and defendant’s counsel to exchange memoranda of law upon the questions of jurisdiction raised. As part of the return to the present proceeding, the Honorable Larry M. Vetrano, Magistrate of the City of New York and Director of Administration of the Magistrates’ Court, has submitted an affidavit in which it is stated that the matter is now sub judice by reason of the fact that the City Magistrate who directed the exchange of memoranda, has not yet determined the challenge to the court’s jurisdiction previously referred to. The return also contains the minutes of the proceedings taken on January 29, 1960, and those minutes as well as the indorsement upon the back of the original disorderly conduct complaint, indicate that after the challenge to the court’s jurisdiction, the matter was adjourned for all purposes. The minutes show that although the Presiding Magistrate had been requested to pass upon the challenge to the court’s jurisdiction, and it had even been suggested to him that he might “ reserve decision ” (see minutes), he decided to adjourn the matter rather than to take it under advisement, stating: “ It would be better if we proceeded in the usual way, and so I think it would be best that it be put over to February 26.” Pressing the point, the attorney again suggested that the court hear the matter on the question of law raised, and that ” Your Honor can reserve decision.” After discussing the propriety of a special appearance in the Magistrates’ Court, the court said: “ The interests of justice would be served best if the ease were put over to February 26. ’ ’ The Assistant District Attorney present also suggested that the court take the matter under advisement and reserve decision thereupon, but since the People were not prepared with a memorandum of law the court suggested in effect that the better practice would be to adjourn the matter to a later date, and that prior to the adjourned date both sides should exchange memoranda of law. After some discussion as to what the adjourned date would be, February 19 was finally selected. That was a date on which a different Magistrate was assigned to preside. Nowhere in the minutes is there any indication that the Magistrate at any time reserved decision or directed that briefs be submitted to him. The only direction was that counsel were to exchange briefs prior to the adjourned date. (See minutes and back of Magistrates’ Court complaint.)
*867 Prior to the adjourned date petitioner instituted the present proceeding, and by reason thereof, the case in the Magistrates’ Court has been adjourned to a later time.
It appears without question that the conclusion reached by Magistrate Veteano in his return, to the effect that the matter is still pending before Judge Matzkiit (the Magistrate who directed the exchange of briefs), is an erroneous one. Judge Matzkih divested himself of jurisdiction when he adjourned the case to a later date, knowing that another Magistrate would be presiding. The only way in which he could have retained jurisdiction was by reserving decision on the matter or directing that it be continued before him. But when he adjourned the case in the manner in which he did, he lost all jurisdiction over it.
In the present proceeding, in which he seeks to restrain the Magistrate’s Court from proceeding with the present charge of disorderly conduct pending against him, petitioner raises several serious questions of law and procedure, and they will be separately discussed. His first contention is that Domroe is not a special patrolman, but merely an employee of the Department of Sanitation of the City of New York; that he may not be and never was effectively appointed a special patrolman or a peace officer; and that in any event, neither the prevention nor detection of disorderly conduct or enforcement of the laws pertaining thereto, come within the scope of the functions or purposes of the Department of Sanitation. He urges that by reason thereof, the Board of City Magistrates of the City of New York, acting through the Police Department, or in any other manner, lacked the authority to issue a blank book of summonses to the said Domroe for completion and service thereof; and that Domroe lacked the authority to issue such a summons in the name of the Chief Magistrate of the City of New York.
In opposition to petitioner’s contentions, respondents in their return, submit a copy of the requests by the then Commissioner of the Department of Sanitation of the City of New York for the appointment of Domroe, amongst others, as a special patrolman, and the order dated February 24, 1956 of the Police Commissioner of the City .of New York, wherein in subdivision 3 thereof, it is indicated that the said Domroe was appointed as a special patrolman as of February 9, 1956. Respondents also urge that it is of little moment whether the summons was properly issued, contending that once petitioner was physically present before the City Magistrate, the complaint might be made against him by any citizen, and when presented to the City Magistrate, he had jurisdiction over the defendant. But the *868 difficulty with respondents’ argument in this respect is that petitioner was in court to answer the summons for the Sanitary Code violation and it was for that reason that he appeared. When his attorney' indicated that his appearance on the disorderly conduct charge was a special appearance, then although he was physically present in the courtroom, legally he was not there, and before the court could act or take jurisdiction over his person with respect to the pending charge, it was necessary that a determination be made first as to whether the court had acquired jurisdiction over his person. It may not be successfully argued here, that the mere fact that petitioner was physically present in the courtroom, completely negatives his attack upon the summons served upon him or the authority of Domroo to do so.
In People v. Haber (20 Misc 2d 272) the court pointed out that the purpose of a summons is in lieu of arrest to save a citizen the embarrassment of arrest for a minor law infraction. (People v. Kempner, 95 N. Y. S. 2d 425.) In a concurring’ opinion, Gassman, J., after pointing out (20 Misc 2d 274) that ‘ ‘ ‘ Local, inferior courts have only such jurisdiction as is expressly conferred by statute ’ ” went on to say (p. 275):
“It is true that if the Magistrate has jurisdiction of the subject matter and the defendant is physically before him, the manner in which the arrest was made is immaterial in determining the court’s jurisdiction. (People v. Banner, 5 Misc 2d 355, 358; People v. McDonald, 8 Misc 2d 50.) It is also true that it is no defense to a criminal prosecution that a defendant was illegally brought within the jurisdiction of the court, where the court had jurisdiction of the subject matter (People v. Di Leo, 194 App. Div. 793, 794; People v. Eberspacher, 79 Hun 410; People v. Jeratino, 62 Misc. 587). However, all those cases involved situations where the defendant was béfore the court on a warrant of arrest and not as the result of the issuance of a summons, as in this case. The defendant’s objection to the jurisdiction of the court cannot be deemed waived by his going to trial on the merits, particularly after the assurance given to him by the court that ‘ if your contention is right, then no matter what happens at the trial, it would have no effect ’.
‘ ‘ The Magistrate, under subdivision g of section 116 of the New York City Criminal Courts Act, having the defendant physically before him, could have issued a warrant for the defendant’s arrest. However, he did not do that, but proceeded with the trial under the summons. . Thus the only question before us is whether the court below acquired jurisdiction of the defend *869 ant by the service of the summons in Nassau County. In the opinion of this court, such service was ineffective.”
Taking up then the question of whether Domroe is in fact a special patrolman as indicated in the orders issued by the Police Commissioner of the City of New York under date of February 24,1956, the court has come to the conclusion that his attempted appointment as such did not effectively constitute him a special patrolman. Subdivision c of section 434a-7.0 of the Administrative Code of the City of New York provides that: ‘( The commissioner, whenever expedient, may on the application of any person or persons, corporation or corporations, showing the necessity therefor, appoint and swear any number of special patrolmen to do special duty”. It is under the authority of this section that the appointment of Domroe was made, and it is obvious that the section was never intended to apply to an employee of the City of New York. The words ‘ ‘ person or persons, corporation or corporations ’ ’ referred to in the preceding section, are obviously private persons and private corporations. This appears clearly from the statement-contained in the section that 1 ‘ the person or persons, corporation or corporations ’ ’, who make the ‘ ‘ application ’ ’, must pay “ in advance, such special patrolmen for their services ”.
It is further provided as a condition of such appointment, that the proposed special patrolman shall sign “ an agreement in writing releasing and waiving all claim whatever against the department and the city for pay, salary or compensation for their services and for all expenses connected therewith ”. The “ department ” referred to in this instance is the Police Department, and it is obvious upon its face, that no city employee may be appointed as a special patrolman, since he may not be asked to waive all compensation for his services as such employee. Apparently recognizing that the clear provisions of the Administrative Code (supra) did not apply to city employees, the Police Commissioner promulgated section 141.1 of the Police Department Regulations, and that section reads as follows: 1 ‘ 141.1 Appointment shall be made only to financial institutions, transportation corporations, public departments and public institutions (including hospitals, libraries, corrective and charitable institutions, etc.), unless otherwise directed by the Police Commissioner ”.
Almost verbatim and to the same effect is General Order No. 19, section 1 thereof (Exhibit C attached to return) made by the Police Commissioner under date of May 1, 1958. While such general order contains the additional language “ unless other *870 wise directed by the Police Commissioner ”, it follows that he may not “ otherwise direct ” with respect to city employees^ in view of the prohibition against the payment of compensation contained in the section of the Administrative Code previously referred to. It may not be held that the words 1 ‘ public department ” contained in General Order No. 19, included city departments and agencies, since such inclusion would be a usurpation by the Police Commissioner of the authority vested in him by the Administrative Code, and if it was there intended, then his regulation and order are totally ineffective. (Levy v. Valentine, 173 Misc. 306.) In subdivision 6 of the regulations referred to (Exhibit C of return) it is stated in effect that a special patrolman must waive all claims against the city or the Police Department for compensation in connection with his employment. While admitting that Domroe did not comply with the regulation, respondents argue that the system has been in effect for many years and that it should be allowed to continue. But the mere fact that one has been acting in excess of his authority for some period of time is not sufficient reason to allow the unauthorized acts to continue when subjected to challenge as has been done here, and our courts have consistently condemned administrative actions which run contrary to the statutes in such cases made and provided. (See Matter of Rosenbluth v. Finkelstein, 300 N. Y. 402; People ex rel. West Side Elec. Co. v. Consolidated Tel. & Elec. Subway Co., 187 N. Y. 58; Moriarty v. City of New York, 59 Misc. 204.) In Levy v. Valentine (supra) the court held that until legislative policy has declared otherwise, the Police Commissioner is without power to act in a quasi-legislative capacity and determine rules outside of the statute. (To the same effect see Matter of Vivien v. Board of Educ. Retirement System, 30 N. Y. S. 2d 73.)
Subdivision h of section 116 of the New York City Criminal Courts Act provides as follows: “ h. The board of city magistrates is empowered and directed to prepare and issue summons in blank, attested in the name of its chief city magistrate, to members of the police force of and all other peace officers in the city of New York for the purposes stated in the regulations relative thereto adopted by the board of city magistrates, which summons, when filled in and countersigned by such officer, and served upon the person to whom addressed, shall have the same force and effect and shall be obeyed as implicitly, subject to the same penalties for disregard thereof as if individually and directly issued by the chief city magistrate attesting the same ’ \ (Emphasis supplied.)
*871 It is conceded that Domroe is not a member of the police force of the City of New York, nor is he a peace officer under the authority of section 154 of the Code of Criminal Procedure. Even if he might be considered as such, his authority could not possibly be deemed to include the right to issue a summons for disorderly conduct since he was appointed specifically for the purposes of the Sanitation Department, and he could not possibly be deemed to have duties or powers unrelated to the “ special duty ” for the agency by whom the application for his appointment was made. These words “ special duty ” are contained in subdivision c of section 434a-7.0 of the Administrative Code.
Section 143.2 of the Police Department Regulations provides: ‘ ‘ A special patrolman shall: * * * d. Perform duty only for the person or corporation by whom he is employed and only at the place designated in the application.”
Under no interpretation of the foregoing, may it be deemed that Domroe had the power to issue a summons for disorderly conduct. In City of Rochester v. Lindner (167 Misc. 790) the question before the court was whether defendant, a game protector of the Department of Conservation of the State, was subject to a speed ordinance of the City of Rochester while he was driving his automobile in furtherance of his duty as such game protector. Defendant contended that he was a peace officer and, therefore, not subject to said ordinance. In overruling his contention, the court pointed out (p. 791) that even assuming that he might be considered as such, “it does not confer the right to violate regulatory measures unrelated to conservation.”
In opposition to the present proceeding, respondents argue that petitioner has a remedy by way of appeal from any adverse judgment rendered against him in the Magistrate’s Court. Even if that be so, petitioner need not subject himself to possible arrest and imprisonment before having his rights determined. He may proceed by way of a proceeding for prohibition as he has done here. (Matter of Hogan v. Court of General Sessions, 296 N. Y. 1; Matter of Scott v. McCaffrey, 12 Misc 2d 671; Matter of Kraemer v. County Court, 7 AD 2d 644, affd. 6 N Y 2d 363 [1959]. See, also, Matter of Kingsview Homes v. Pette, 9 A D 2d 782; Matter of Marshall v. Kevmedy, 17 Misc 2d 985; Matter of Silfa v. Kennedy, 5 Misc 2d 735, affd. 3 A D 2d 818, affd. 3 N Y 2d 734; Matter of Clark v. Flynn, 9 A D 2d 249.)
The power of a special patrolman may be exercised only as provided for by statute. Otherwise, there would be little neces *872 sity for the promulgation of civil service lists for the appointment of regular policemen to the force of the Police Department of the City of New York. Requirements for manpower could always be filled by appointing employees in various city departments as special patrolmen, and the necessary prerequisites for securing an appointment as a police officer, as well as the merit system itself with respect to such appointments, would he completely destroyed.
On the basis of all of the foregoing, the court concludes that Domroe was not a special patrolman or a peace officer; that he had no authority to serve the summons here under attack; that the appearance in court of petitioner and the attempt to charge him on the basis of his response to the summons issued herein, are of no effect; that the court never acquired jurisdiction over petitioner and that the proceedings pending against him in the Magistrates’ Court are in all respects null and void. Accordingly, the petition is granted as prayed for.