Charles C. MacLean, Jr., Police Justice.
The defendant was arraigned on September 29, 1962, on an information sworn to by Officer Robert Polacek, a member of the Police Department of the Village of Lloyd Harbor, charging her with having crossed a double line in violation of subdivision (a) of section 1126 of the Vehicle and Traffic Law. She declined the opportunity to obtain counsel, and pleaded not guilty to the charge. With the consent of the court, the proceedings were adjourned from time to time until December 29, 1962, when the case was tried.
Officer Polacek, called as a witness for the People, testified that, shortly after completion of his tour of duty at 6:00 p.m., on August 31, 1962, he had started for home in his own automobile and was proceeding south on West Neck Road in the village when he heard the defendant behind him, coming on fast, and that, at a point approximately 200 or 300 yards before the boundary of the village, she swung out and passed him, crossing a double line in order to do so.
Mrs. Preble testified that she had been visiting friends that afternoon in Lloyd Harbor in the company of her children and Francis H. Hoyt, and, realizing that the hour was late, left her friends’ house with Mr. Hoyt and the children to meet her husband at the train. She admitted that she passed the officer *412 at a point on West Neck Road at which there was a double line and that she may have crossed such line while passing him. Her defenses are twofold, viz., that the point at which she passed the officer was not located within the village but a mile or so to the south of the village line, and that when she started to pass him, there was sufficient room to do so without crossing the double line but that as she was alongside, he pulled over, forcing her to cross the line.
The officer, who was in uniform, sounded his horn repeatedly after Mrs. Preble passed him but she did not stop, apparently because she did not recognize him as a policeman. He followed her for a considerable distance beyond the village line into Huntington, where he attracted the attention of a Suffolk County police car, which stopped her. The Suffolk County policeman “ loaned ” a uniform traffic ticket to the officer, who filled it out, signed it, and served it upon the defendant then and there. The ticket ‘ ‘ notified ’ ’ Mrs. Preble 1‘ to appear ’ ’ in this court on September 29,1962 “ to answer a charge of * * * Crossing Double Line ” in violation of section 1126 of the Vehicle and Traffic Law. Printed at the bottom of the ticket was a notice with respect to the significance of a plea of guilty to the charge, as authorized by section 335-a of the Code of Criminal Procedure, and the warning: “ Tour failure to appear may result in a warrant for your arrest.”[1]
When these matters were brought out, the court raised the question whether the proceedings were proper in view of the decision of the Court of Special Sessions of the City of New York in People v. Haber (20 Misc 2d 272) reversing a conviction for speeding within the limits of the city on the ground that the traffic summons had been served beyond the city limits by a policeman who had pursued the defendant into Nassau County. At the conclusion of the trial, the case was adjourned to permit consideration of this question, and the court has since had the benefit of a brief for the People citing many of the relevant authorities.
The grounds of the decision in Haler, as amplified in the concurring opinion of Gassman, P. J., were as follows (pp. 274-276):
“ ‘ The jurisdiction of a local court must be exercised within the locality, and its process cannot be executed outside of it ’. *413 (Geraty v. Reid, 78 N. Y. 64, 67.) A local court has no authority to send its process for service outside its territorial limits and acquires no jurisdiction of the person by such service. (Conor v. Hilton, 66 How. Pr. 144; Beach v. Bainbridge, 7 Hun 81 * * * ^
“It is true that if the Magistrate has jurisdiction of the subject matter and the defendant is physically before him, the manner in which the arrest was made is immaterial in determining- the court’s jurisdiction. (People v. Banner, 5 Misc 2d 355, 358; People v. McDonald, 8 Misc 2d 50.) It is also true that it is no defense to a criminal prosecution that a defendant was illegally brought within the jurisdiction of the court, where the court had jurisdiction of the subject matter (People v. Di Leo, 194 App. Div. 793, 794; People v. Eberspacher, 79 Hun 410; People v. Jeratino, 62 Misc. 587). However, all those cases involved situations where the defendant was before the court on a warrant of arrest and not as the result of the issuance of a summons, as in this case. * * *
“ The Magistrate * * having the defendant physically before him, could have issued a warrant for the defendant’s arrest. However, he did not do that, but proceeded with the trial under the summons. Thus the only question before us is whether the court below acquired jurisdiction of the defendant by the service of the summons in Nassau County. In the opinion of this court, such service was ineffective. “ * * * The doctrine of 1 close pursuit ’ does not apply to the issuance of a summons for a traffic violation. The record here discloses that the ‘ pursuit ’ of the defendant into Nassau County was not for the purpose of making an arrest, but solely for the purpose of serving a traffic summons upon him. The service of the summons in Nassau County was a nullity. ’ ’
In form, the question involved in Haber is distinguishable from the question here presented in that the “ summons ” there was issued in the name of the City Magistrates’ Court of the City of New York (in the form provided by section 116 of the New York City Criminal Courts Act), whereas here the “ ticket ” was not issued in the name of this court but in the name of the officer. But the difference is more apparent than real. The summons in Haber was on a blank form issued in the name of the Chief Magistrate of the city to the city’s police force, and disregard thereof entailed no penalty for contempt of court or other consequence. (N. Y. City Crim. Cts. Act, § 116; People v. Kempner, 95 N. Y. S. 2d 425 [City Magistrates’ Ct., N. Y. City, 1950]; but, see, City of Buffalo v. Neubeck, 209 App. Div. *414 386, 390 [4th Dept., 1924].) [2] Such a summons is, therefore, quite unlike a summons that a court may issue in lieu of a warrant of arrest pursuant to section 150 of the Code of Criminal Procedure, the disregard of which constitutes a contempt, punishable by fine.
In view of the nature and purpose of a policeman’s traffic ticket, we see nothing in principle which would make it improper for an officer to issue such a ticket outside the limits of the jurisdiction that appointed him and in which the ticket is returnable.[3] A traffic ticket notifies the party served therewith, in effect, that the officer signing the ticket intends to submit a complaint to a court at a certain time and place, and that if the party served does not appear then and there, the court will *415 be requested to issue a warrant for his arrest. Although the recipient of a traffic ticket is entitled to demand an immediate appearance before a Magistrate of a town in the county in which the offense charged is alleged to have been committed (Code Crim. Pro., § 164) and although certain other consequences may flow from the issuance of such a ticket,[4] a party served with such a notice is entirely free to disregard it. No penalty attaches for a failure to heed it. (Mormon v. Baron, 35 N. Y. S. 2d 906, 909 [Supreme Ct., Nassau County, 1942].) (“ Such summons is an invitation to a defendant to come into court so that he may not be subjected to the embarrassment of arrest ”.) The fact that such a failure may lead the complainant to ask the court to issue a warrant of arrest gives rise to no cause for complaint on the part of the person served. It is not the threat of an arrest but only the arrest itself which, if improperly made, gives rise to a cause for complaint, and then only against the persons participating in the arrest. (Cf. People ex rel. Hastings v. Hofstadter, 258 N. Y. 425, 429 [1932]; People v. Yerman, 138 Misc. 272 [Oneida County Ct., 1930]; Jones v. State of New York, 8 Misc 2d 140, 141 [Ct. of Claims, 1957].)
Moreover, it is clear that the issuance of such a ticket is neither necessary nor effective to confer jurisdiction on the court in which it is returnable. It is now settled beyond question that even though a person served with a uniform traffic ticket appears in response thereto, no proceeding is begun until the charge is submitted in the form of a sworn complaint. (People v. Scott, 3 N Y 2d 148 [1957].) With such a complaint before it, a court is authorized to proceed. If the defendant is not present when the complaint is submitted, the court may issue a warrant for his arrest. If the defendant is present, there is no need to issue a warrant for his arrest, and the court may proceed to take custody of him by arraigning him on the charge made against him. (People v. Markowitz, 119 App. Div. 841, 843 [1st Dept.] [“ there is no necessity for a warrant. The person is before the court, and that is all that is necessary to give it jurisdiction ”], affd. 189 N. Y. 562 [1907]; People v. Hagan, 138 Misc. 771, 773 [Ct. of Spec. Sess., N. Y. County, 1931] [“ no warrant of arrest was necessary since the defendant summoned had appeared in person to answer”], affd. 235 App. Div. 784 [1st Dept., 1932].) But regardless of the process by which a defendant is brought before a court, the court acquires jurisdiction of *416 the defendant’s person by requiring him to answer a complaint pending against him. (Of. Code Grim. Pro., § 309; § 699, subd. 3.) This proposition is established by a long line of cases.
Thus, in People v. Iverson (46 App. Div. 301, 302 [2d Dept., 1899]) the court said, per Woodward, J. :
“ The evidence on which the appellant was convicted was clearly sufficient for that purpose, and whether the officer who arrested him should have had a warrant does not affect the question of his conviction after he was once within the jurisdiction of the court.
“ ‘ The general rule is,’ says Mr. Justice Cullen in People v. Eberspacher (79 Hun, 410), ‘ that it is no defense to a criminal prosecution that the defendant was illegally or forcibly brought within the jurisdiction of the court. ’
1 ‘ The appellant has his remedy, if he has been wronged, against the ‘ officer who has acted under void process, or who has exceeded his powers.’ (Crocker Sheriffs [3d ed.], 35.) ”
Again, in People ex rel. Mertig v. Johnston (186 Misc. 1041, 1044 [Supreme Ct., Bronx County, 1946]) the court (Si-iientag, J.) said:
1 ‘ While ‘ the foundation for the jurisdiction of the magistrate ’ over the subject matter is the information, jurisdiction of the person of the defendant is acquired when he is brought before the court and charged with the offense. (People v. Baxter, 178 Misc. 625, 627, supra; People v. Portman, 139 Misc. 544; People v. Bush, 140 Misc. 59; People v. Williams, 135 Misc. 564, 565.)
“It does not matter if he is arrested illegally (People v. Baxter, supra; People v. Ostrosky, 95 Misc. 104, 110), or appears voluntarily (Foster v. Smith, 10 Wend. 377, 379; People v. Yerman, 138 Misc. 272, 273), or appears in response to a summons instead of a warrant (People v. Hagan, 138 Misc. 771, 773 [affd. 235 App. Div. 784]), or is arrested illegally without a warrant (People v. Eberspacher, 79 Hun 410; People v. Iverson, 46 App. Div. 301; People v. Park, 92 Misc. 369; People v. Dennis, 132 Misc. 410, 412).”
Accord: People v. Di Leo (194 App. Div. 793 [4th Dept., 1920] [illegal arrest]); Matter of Rose v. McKean (190 Misc. 982 [Supreme Ct., Bronx County, 1948] [illegal arrest]); People v. Kempner (supra [“ special appearance ”]); People v. Mason (198 Misc. 452 [Steuben County Ct., 1950] [illegal arrest]). (See, also, dissenting opinion of Seabury, J., in People ex rel. Lawton v. Snell, 216 N. Y. 527, 536, 542 [1916] [“ The application of a different rule would seriously embarrass the proper admin *417 istration of justice.”]; Frisbie v. Collins, 342 U. S. 519 [1952] [forcible abduction in violation of Federal Kidnaping Act]; Commonwealth v. Gorman, 288 Mass. 294 [1934] [illegal arrest]; Donigan and Fisher, Know the Law [1958], p. 246 et seq.)
Haber recognizes that if a defendant is brought before the court on a warrant of arrest, the court obtains jurisdiction of his person, whether or not such warrant was legally served. But Haber holds that such jurisdiction is not acquired if the defendant comes before the court as the result of an “ ineffective ” service of a summons and no warrant for his arrest is then issued by the court. We conclude, however, that the cases cited above establish the principle that it makes no difference how a defendant charged with an offense happens to be before the court — that it is enough that he is there and that there is a valid information against him which the court calls on him to answer. (Cf. People v. James, 4 N Y 2d 482, 486 [1958].) Moreover, since “ [t]he only function and office of a warrant is to bring the accused into court ” (People v. Hagan, 138 Misc. 771, 773, supra), it appears to us unnecessary, to say the least, to issue a warrant for the defendant’s arrest where, as here, the defendant is before the court.[5]
We hold, therefore, that there was no legal obstacle to the service by the officer of a traffic ticket upon the defendant out *418 side the limits of Lloyd Harbor, and also that this court acquired jurisdiction of the defendant’s person by arraigning her on the charge made against her.[6]
The question remains whether the People have proven their case against Mrs. Preble beyond a reasonable doubt. We find that they have. Neither the defendant nor her witness, Mr. Hoyt, seriously challenged the testimony of the officer that the defendant’s automobile crossed the double line while passing the officer, but they did challenge his testimony that the event occurred within the village limits. Mr. Hoyt, a resident of New York City, frankly said, however, that he was unfamiliar with the area in question and that his testimony that the occurrence took place outside Lloyd Harbor was not based upon his recollection of events but upon a reconstruction thereof made in the course of trips over West Neck Road with Mr. and Mrs. Preble after the time of the alleged offense. It is understandable why neither Mr. Hoyt nor Mrs. Preble would have noticed the location of the point where they passed the officer because, as they testified, they did not realize at the time that he was a policeman. According to their estimates, some 10 minutes elapsed between the time that they passed him and the time the Suffolk County policeman pulled them over to the curb in Huntington. It is also understandable that in their efforts to reconstruct the event after-wards, Mrs. Preble and Mr. Hoyt could have convinced themselves that their version is correct. The testimony of the complainant was clear and unequivocal, however, and we see no reason not to give it full credence, which we do.
Mrs. Preble also claims that when she started to pass the complainant there was room for her to do so without crossing the double line but that, as her automobile came alongside of his, he pulled over, forcing her to cross the double line. Her testimony in this regard, which was not corroborated by *419 Mr. Hoyt, was flatly denied by the complainant. Mrs. Preble attempted to explain her failure to fall back into position behind the officer by saying that she had reached ‘ ‘ the point of no return ’ ’, where she 1 ‘ had to go on ” and pass him. On the other hand, she testified, as did her witness, that there was no other traffic on the road at the time. However that may be, we think that Mrs. Preble’s claims in this regard are a figment of her imagination. She herself testified that West Neck Road did not become wide enough for her to pass the officer until she reached the Huntington area. Having found that Mrs. Preble passed the officer at a point located within Lloyd Harbor, we also find that the officer did not force her over the double line, but that she crossed that line in order to pass him.
The defendant’s motion to dismiss the complaint is denied, and we find her guilty as charged.

. The ticket was a standard form of numbered uniform traffic ticket approved by the former Bureau of Motor Vehicles pursuant to former section 74 (now § 207) of the Vehicle and Traffic Law. (See 15 NYCRR 91.1 et seq.) The words “Police Dept. Suffolk Co. N. Y.” were printed in the upper right hand corner of the ticket but the officer drew a line through them before issuing the ticket.

. T-he oases oited in Haber for the proposition that a local court may not send its process -outside its jurisdiction are distinguishable in that they involved eiv-il actions, for the commencement of which a valid service of summons is, of course, necessary. (See People v. Eberspacher, 79 Hun 410, 411-412 [Supreme Ct., 2d Dept. 1894]. Cf. People ex rel. Ballin v. Smith, 184 N. Y. 96, 99 [1906]; Campbell v. New York Eventing Post, 245 N. Y. 320, 326 [1927].)
Haber was followed in Matter of Kenler v. Murtagh (24 Misc 2d 864 [Supreme Ct., Kings County], revd. on other grounds, 12 A D 2d 662 [2d Dept., 1960]).

. By section 154 -of the Code of Criminal Procedure, village policemen are made “peace officers”. As such, -they -are within the definition of “police officers” contained in section 132 of the Vehicle and Traffic Law. Although the status of an individual -as a “ peace officer ” (and “ police officer ”) would appear to be State-wide, the Attorney-General has ruled that “ a village policeman has no power to make an arrest without a warrant, outside of the village limits ” (1930 Atty. Gen. 277; 1912 Atty. Gen. 534), and that if he does so, “he makes the arrest as a private person and not as a peace officer” (Op. Atty. Gen. [Inf.] [1935], 54 Op. St. Dept. Rep. 25). We see n.o basis, however, for implying any geographical limitation on the authority of -any peace officer to arrest without a warrant under the circumstances specified in -section 177 of the Code of Criminal Procedure, e.g., where he has “ reasonable cause for believing ” that certain events have occurred. In People v. Averill (124 Misc. 383 [Madison County Ct., 1925]), the court reasoned that since a private citizen in close pursuit may arrest without a warrant for a misdemeanor committed in his presence, a village policeman in close pursuit -can have no less -authority, even though the arrest is made outside the limits of his village. It does not follow from this that a village policeman has no more -authority than a -private citizen to make an arrest in other situations outside the limits of his village. Indeed, the Attorney-General has recognized that the status of a village policeman as a peace -officer is State-wide with res-peet to the right to carry concealed weapons without a license (1930 Atty. Gen. 277, supra) and the right to execute warrants of arrest pursuant to section 156 of the Code of Criminal Procedure (Op. Atty. Gen. [Inf.] [1932], 45 Op. St. Dept. Rep. 326). It is difficult to understand how the statutes could -be interpreted to mean that the status -of a village policeman as a peace officer exists outside the limits of his village for these purposes but not for the purpose of making an arrest without a warrant.

. (See, e.g., Code Crim. Pro., § 335-a and Vehicle and Traffic Law, §§ 207, 208. Cf. People v. Polle, 9 N Y 2d 349 [1961].)

. In view of section 164 -of the Code -of Criminal Procedure, providing that, if a defendant is arrested without a warrant for a misdemeanor or lesser offense, he must -be taken immediately before the nearest available magistrate, we doubt very much the propriety of the alternative procedure suggested by the court in People v. Haber (20 Misc 2d 272, 273) viz., that the officer arrest the party to be charged, bring him back to the jurisdiction where the offense charged was allegedly committed, and there serve him with a summons. In Orfield, Criminal Procedure from Arrest to Appeal (1947), it is said (p. 34) : “ where a chief of .police found the plaintiff intoxicated, -took him to the police station, held him there for a short time, and discharged him sober, without bringing him before a magistrate, judgment for the plaintiff in the sum of three hundred dollars was affirmed by the appellate court [citing Brock v. Stimson, 108 Mass. 520 (1871)]. Want of dam-age to the plaintiff is immaterial, as is actual benefit to him. The duty of the officer is to produce the arrested party in court.” We think, therefore, that if the officer had arrested the defendant instead of giving her a ticket, which he might have done since the offense was committed in his presence and he was in immediate and continuous pursuit (Code Crim. Pro., § 177; People v. Averill, 124 Misc. 383, supra; Op. Atty. Gen. [Inf.] [1939], 61 Op. St. Dept. Rep. 47), he would have been under a duty to produce her in court immediately. (See Pratt v. Hill, 16 Barb. 303 [Supreme Ct., 1853]; Green v. Kennedy, 46 Barb. 16 [Supreme Ct., 1866]; Davis v. Carroll, 172 App. Div. 729 [4th Dept., 1916]; Keefe v. Hart, 213 Mass. 476 [1913.) (But, cf., People v. Del Principe, 37 Misc 2d 428 [Westchester County Ct., 1962].)

. In view of the grounds upon which .our ¡conclusion is rested, it is apparent that it would not have been different if, as in Haber, the defendant had purported to appear herein “specially” for the purpose of contesting the jurisdiction of the court over her person. Although the court in Haber placed no reliance on that circumstance, it was stressed by the concurring Justice, who noted, however, that the statutes make no provision for special appearances in ¡criminal cases (20 Misc 2d 272, 273). Other courts have held that special appearances are not authorized in cases of a criminal mature and have based their decisions on the ground upon which our holding is rested, viz., that a court may take jurisdiction of the person of any individual who is before the court and who is charged with ¡an ¡offense. (See People v. Rockwell, 38 Misc 2d 645, 649-650 [City Crim. Ct., N. Y. County, 1963]; People v. Kempner, 95 N. Y. S. 2d 425, 429, supra.) [“The defendant, having personally appeared before this court, regardless of how he himself labels that appearance, is nevertheless before the court, and the court has jurisdiction in the matter.”]