Charles Lambiase, J.
This is an application brought on by petitioner requiring Lawrence J. Sullivan, Justice of the Court of Special Sessions of the Town of Henrietta, New York, and the District Attorney of the County of Monroe to show cause ‘ ‘ why a judgment should not be made and entered herein pursuant to Section 7801 of the Civil Practice Law and Rules restraining and prohibiting the Special Sessions Court of the Town of Henrietta, New York and the Honorable Lawrence J. Sullivan, Individually, from continuing to assert jurisdiction in the proceeding pending before said Court, arising out of an alleged violation of Section 1192-2 of the Vehicle and Traffic Laws of the State of New York and further why said Court and Judge Lawrence J. Sullivan should not be restrained and prohibited from taking any further steps to assert jurisdiction, and meanwhile pending the hearing of this application,” and providing ‘ ‘ that pending the hearing and determination of this *82 matter, the entry of a judgment thereof, and service of a certified copy of said judgment with notice of entry thereof the Special Sessions Court of the Town of Henrietta, New York, the Honorable Lawrence J. Sullivan, Individually and the District Attorney of the County of Monroe, be and they are. hereby restrained and stayed from taking any further steps to enforce or assert jurisdiction in this matter ”.
The District Attorney of the County of Monroe, New York, appearing for the respondent, has served a notice upon petitioner’s attorney advising that Cl respondent will apply to this Court for an order dismissing the petition herein as a matter of law on the ground that said petition fails to state facts sufficient to entitle petitioner to the relief sought in this petition and for such other and further relief as to the Court may seem proper.”
On the morning of April 22, 1965 petitioner was brought before respondent Justice of the Peace by a member of the New York State Police on a charge of driving while intoxicated. Previously that morning he had been given a uniform traffic ticket by said trooper which contained the following writing thereon, among other things:
N. Y. STATE POLICE UNIFORM TRAFFIC TICKET
NO. 449228
YOU ARE HEREBY NOTIFIED TO APPEAR IN A COURT OF SPECIAL SESSIONS BEFORE:
— Sullivan—
JP HENRIETTA
475 Calkins Rd Rochester, N. Y.
On the 5 day of May ' 1965 at 7:00 P.M.
To answer a charge of the following violation committed at 1:50 AM on the 22 day of April, 1965 at Rte 252 in c/v/t Town of Henrietta Co. of Monroe in violation of sec 1192-2 of the NYS V & T. Law (r)
Charge:
driving while intoxicated
Officer’s Shield
Signature W. E. Hellemsehmidt or Rank A-1706
Petitioner was then and there informed by said Justice of the Peace that he was charged with driving while intoxicated; that he was entitled to be represented by counsel at every stage of the proceeding; and that he was entitled to an adjournment for *83 the purpose of obtaining counsel. At that time the ‘ ‘ complaint ’ ’ copy of the uniform ticket packet was signed by the complaining trooper and sworn to before the Justice of the Peace as an information. The Justice of the Peace states that he then adjourned the matter until April 27,1965 at 7:00 p.m. for further proceedings, and that he set bail at $250.
Upon failure of petitioner to post bail at the time, the Judge committed him to Monroe County Jail in Rochester, New York, which commitment is before the court, and which adjourned date is set forth thereon. There is no dispute as to these facts and particularly as to what happened when petitioner was taken before the Justice of the Peace, except that petitioner does not mention at all in his papers before the court the adjourned date of April 27, 1965 and mentions only the date May 5, 1965 set forth on the ticket.
It is deposed by said Judge that: he held court on the 27th day of April, 1965 commencing at 7:00 p.m., and that neither petitioner nor anyone on his behalf appeared; that on May 7, 1965 he received a telephone call from a person who identified himself as the attorney for petitioner, and who demanded the dismissal of the charge against petitioner; that he informed said person thus calling of the failure of the petitioner to appear on April 27, 1965, and that he then and there adjourned the matter to May 18, 1965 for further proceedings. He states further that petitioner did not appear on May 18, 1965, but his attorney did appear and made a motion to dismiss the information upon the ground that the court was acting without or in excess of its jurisdiction in connection ivith petitioner’s matter. He denied said motion, and then adjourned the matter to June 24, 1965. He states that these proceedings were then brought staying him from proceeding further in the matter, and that the matter remains before him as hereinbefore set forth.
It seems that after petitioner’s appearance before the Justice of the Peace as herein detailed, he gave the said uniform traffic ticket, to which reference has been made, to his attorneys and was informed by them that he should be available for arraignment at 7:00 p.m. on the 5th day of May, 1965 as therein directed; and it also seems that he appeared with his attorney on May 5, 1965; that they waited until 8:00 p.m. on that day for Justice Sullivan to appear, and that when he did not come in by that time, they left the Town Hall.
Petitioner’s attorney states: that he was unable to contact Judge Sullivan until May 7, 1965 at which time he informed the latter of the circumstances of May 5, 1965; that on the 18th day of May, 1965 he appeared in Judge Sullivan’s court and *84 made a motion to dismiss the information in petitioner’s matter upon the ground that the court was acting without or in excess of jurisdiction therein, and that said motion was denied by the Judge who thereupon set June 24, 1965 as and for the trial date. Thereupon and on the 7th day of June, 1965 the instant order was obtained.
It is the contention of petitioner that by not appearing on the date stated in the yellow ticket, viz., May 5,1965 at 7:00 p.m., the Justice of the Peace, being a Court of Special Sessions, lost jurisdiction of petitioner’s case. This is denied by respondent who contends that the case was duly adjourned to April 27, 1965 at 8:00 p.m. at which time neither petitioner nor his attorney appeared.
With reference to uniform traffic tickets, it is said in People v. Preble (39 Misc 2d 411, 415) that: “it is clear that the issuance of such a ticket is neither necessary nor effective to confer jurisdiction on the court in which it is returnable. It is now settled beyond question that even though a person served with a uniform traffic ticket appears in response thereto, no proceeding is begun until the charge is submitted in the form of a sworn complaint. (People v. Scott, 3 N Y 2d 148 [1957].) With such a complaint before it, a court is authorized to proceed. If the defendant is not present when the complaint is submitted, the court may issue a warrant for his arrest. If the defendant is present, there is no need to issue a warrant for his arrest, and the court may proceed to take custody of him by arraigning him on the charge made against him. (People v. Markowitz, 119 App. Div. 841, 843 [1st Dept.] [‘ there is no necessity for a warrant. The person is Before the court, and that is all that is necessary to give it jurisdiction ’], affd. 189 N. Y. 562 [1907] ”. There can be no doubt that jurisdiction of petitioner had been obtained on April 22, 1965 by the filing of the information.
Although the trooper issued a ticket to petitioner, he actually took petitioner immediately before the nearest available Magistrate as he would have been required to have done under section 164 of the Code of Criminal Procedure if he had arrested petitioner initially at the time of the issuance of a ticket, which he might have done — the charge being that of driving while intoxicated— a misdemeanor allegedly committed in his presence. Beyond this, upon the undisputed facts, an arraignment of petitioner was partially effected and was not completed on April 22, 1965, an adjournment being taken to April 27, 1965 specifically to give petitioner an opportunity to procure counsel.
It would appear that the ticket procedure, initially employed, was abandoned, its purpose of getting petitioner before the *85 Magistrate having been otherwise accomplished. It may be that said initial procedure, in view of what followed after the issuance of the ticket, helped to confound confusion by reason of the date set forth in the ticket. However, we are satisfied that the adjourned date, April 27, 1965, at 8:00 p.m., was duly set by the court, and note thereof should have been taken by petitioner, and that the court duly retained jurisdiction of petitioner’s case. Furthermore, petitioner does not affirmatively state that the Judge did not set such date.
Accordingly, we have concluded (1) that the order of June 7, 1965 restraining and staying Justice of the Peace Lawbenoe J. Sullivan, individually, and as Justice of the Special Sessions Court of the Town of Henrietta, New York, and the District Attorney of the County of Monroe, New York, from taking any further steps to enforce or assert jurisdiction in this matter, must be and hereby is vacated and set aside; and (2) that upon the making and entry of the order to be entered hereupon, and the service thereof upon petitioner or his attorney, said Justice of the Peace and the Special Sessions Court of the Town of Henrietta, New York, and the District Attorney of the County of Monroe, New York, are to enforce and to assert jurisdiction in the matter, as is in such cases made and provided, unimpeded by any provisions of said order of June 7, 1965.