Daniel E. Maceen, J.
On December 11, 1967 petitioner was issued a uniform traffic ticket charging him with speeding in the Town of Phelps, Ontario County, in violation of subdivision (d) of section 1180 of the Vehicle and Traffic Law. The ticket directed him to appear before the respondent, a Justice of the Peace of .the Town of Phelps “ on the 22 day of Dec 1967 at Mail 7 PM ”. The petitioner appeared in person on the return date and concededly the Justice was not present and the court was not in session on that evening. Petitioner left a note stating that he had appeared and on December 23 the respondent wrote the petitioner, expressing regret and stating “ The ticket was marked that it would be answered by mail so I was not expecting you ’ ’. He further suggested that the petitioner, if he wished, submit a plea by mail or call the respondent and arrange a time for his appearance. On March 5, 1968 the respondent notified the petitioner that “ Unless you appear in this Court within ten days a warrant will be issued for your arrest ’ ’. This proceeding to prohibit the respondent ‘ ‘ from further acting herein on the grounds that the Court lacks jurisdiction of the same ” resulted. Petitioner at no time appeared before the respondent. The officer who issued the ticket states that he advised the petitioner that he could appear immediately before the nearest Peace Justice and that upon inquiry by the petitioner as to whether he could reply by mail, the officer gave him a copy of the form to be used to answer by mail.
Belying on Matter of Abbott v. Rose (40 Misc 2d 64) petitioner contends that by failure to convene court on the return date set forth in the ticket, the court was divested of jurisdiction. I am unable to agree. The delivery of the ticket to petitioner was not an arrest but rather {‘ a notice to him to appear in a given court on a given day, at which time and place he will be charged with a specific crime ”. (People v. Scott, 3 N Y 2d 148, 151.) It is a convenience to the motorist to permit him at his option to avoid the embarrassment and inconvenience of being arrested and forthwith taken before the nearest Magistrate. Its service does not give the court jurisdiction over his person. (People v. Consolidated Edison Co., 42 Misc 2d 422; City of Buffalo v. Neubeck, 209 App. Div. 386.)
On December 11 the trooper signed and swore to the complaint before the respondent and thus gave the court jurisdiction of the subject matter. (People v. Preble, 39 Misc 2d 411; Matter of Catalone v. Special Sessions Court, 47 Misc 2d 81.) Since the petitioner has at no time appeared before the court and no warrant has been issued, the court has never acquired jurisdiction *840 of the person. "While had it acquired such jurisdiction, unexcused failure of the court to convene on an adjourned date without proper adjournment to another date might in some circumstances result in loss of jurisdiction (cf. Code Crim. Pro., § 702-a), it could not by failure to be in session on the return date of the ticket lose jurisdiction it had never acquired. Service of the ticket imposed no compulsion on petitioner and no penalty attaches for failure to heed it. (Mormon v. Baran, 35 N. Y. S. 2d 906; People v. Preble, supra.) Having failed in its purpose of securing petitioner’s voluntary appearance before the court, the ticket is of no further significance. Assuming the complaint to provide a sufficient basis for the issuance of a warrant, I see no reason why the respondent may not so proceed.
Respondent is entitled to judgment dismissing the proceeding, without costs.