Hon. John J. Fox Town Attorney, Orangetown
This is in response to a letter from Morton Lieb, Deputy Town Attorney, who writes that he prosecutes Motor Vehicle Law violations in the Town of Orangetown. Orangetown borders the State of New Jersey and, on occasion, the Orangetown Police Department, in enforcing the motor vehicle laws,e.g., speeding cases, finds it necessary to pursue a violator across the border into New Jersey and, there, issue a uniform traffic ticket. The questions posed are whether the issuance of a uniform traffic ticket within New Jersey by a New York policeman for a Motor Vehicle Law violation occurring within the Town of Orangetown is valid and whether the violator can be prosecuted in Orangetown.
Mr. Lieb's letter refers us to 1953 Opns Atty Gen 125, which declared tha a New York State police officer lacks authority to follow a motor vehicle operator in close pursuit into an adjoining state and there arrest him for committing a traffic infraction in New York, since a traffic infraction is not a crime.
We note that section 155 of the Vehicle and Traffic Law provides, in part, that "[f]or the purposes of arrest without a warrant, pursuant to article one hundred forty of the criminal procedure law, a traffic infraction shall be deemed an offense" (Emphasis supplied).
The situations in which a police officer may make an arrest without a warrant are set forth in CPL 140.10, subdivision (2) of which provides:
 "2. A police officer may arrest a person for a petty offense, pursuant to subdivision one, only when:
 "(a) Such offense was committed or believed by him to have been committed within the geographical area of such police officer's employment; and
 "(b) Such arrest is made in the county in which such offense was committed or believed to have been committed or in an adjoining county; except that the police officer may follow such person in continuous close pursuit, commencing either in the county in which the offense was or is believed to have been committed or in an adjoining county, in and through any county of the state, and may arrest him in any county in which he apprehends him." (Emphasis supplied.)
CPL 140.10 (3), provides:
 "3. A police officer may arrest a person for a crime, pursuant to subdivision one, whether or not such crime was committed within the geographical area of such police officer's employment, and he may make such arrest within the state, regardless of the situs of the commission of the crime. In addition, he may, if necessary, pursue such person outside the state and may arrest him in any state the laws of which contain provisions equivalent to those of section 140.55." (Emphasis supplied.)
Since a traffic infraction is an offense, rather than a crime, it is our opinion that interstate pursuit and arrest of a motorist is not authorized by section 140.10 (2) of the Criminal Procedure Law.
You also call our attention to People v. Preble, 39 Misc.2d 411 (Police Ct of Vil of Lloyd Harbor, Huntington Twp, Suffolk County, 1963) andCoville v. Bennett, 57 Misc.2d 838 (Sup Ct, Ontario County, 1968), which found that delivery of a uniform traffic ticket is not an arrest, but rather is notification to the party served, in effect, that the officer signing the ticket intends to submit a complaint to a court at a certain time and place.
The ticket, which is the first part of the five-part carbonized form, is given to the alleged violator by the police officer, directing him to appear before the court for the purpose of answering the charge contained therein. The simplified traffic information is the second part of the uniform traffic ticket and, when filed with the court, becomes the criminal accusatory instrument upon which the court acts. The ticket is a convenience to the motorist, to avoid the embarrassment and inconvenience of being served later with a formal summons, or a warrant of arrest.Coville v. Bennett, supra. In People v. Preble, supra, the court concluded that,
 "In view of the nature and purpose of a policeman's traffic ticket, we see nothing in principle which would make it improper for an officer to issue such a ticket outside the limits of the jurisdiction that appointed him and in which the ticket is returnable." 39 Misc.2d at 414.
While we acknowledge the distinction between "arrest" and "notification," and agree with the reasoning in the two aforementioned cases, we are constrained to distinguish them from the present situation, as involvingintrastate pursuit, which is permissible pursuant to CPL 140.10
(2).
Moreover, since Preble and Coville were decided, Article 150, "The Appearance Ticket," was added to the Criminal Procedure Law.
CPL 150.20, provides in relevant part:
 "1. Whenever a police officer is authorized pursuant to section 140.10 to arrest a person without a warrant for an offense other than a felony, he may, subject to the provisions of subdivisions three and four of section 150.40, instead issue to and serve upon such person an appearance ticket." (Emphasis supplied.)
Subdivisions 3 and 4 of CPL 150.40, provide:
 "3. An appearance ticket may be served anywhere in the county in which the designated offense was allegedly committed or in any adjoining county, and may be served elsewhere as prescribed in subdivision four.
 "4. A police officer may, for the purpose of serving an appearance ticket upon a person, follow him in continuous close pursuit, commencing either in the county in which the alleged offense was committed or in an adjoining county, in and through any county of the state, and may serve such appearance ticket upon him in any county in which he overtakes him." (Emphasis supplied.)
As already stated, there is no authority for a police officer from New York to engage in interstate pursuit into New Jersey to make an arrest for a traffic infraction, and it is our opinion that there is, similarly, no authority for a policeman to issue a uniform traffic ticket in those circumstances.
The other question posed to us is whether you may prosecute pending cases in which a uniform traffic ticket was issued in New Jersey for a traffic infraction committed in Orangetown, New York. By this, we presume that you ask whether, in our opinion, the court has jurisdiction over the defendants. We are unaware of any case law directly on point, and among reported cases in the area, there is conflicting authority. See, e.g.,People v. Haber, 20 Misc.2d 272 (Ct of Special Sesions of City of New York, 1959); People v. Preble, supra. In the absence of judicial precedent and in view of enactment of the Criminal Procedure Law, we are unable to predict how courts will interpret the jurisdictional issue. We believe the most prudent course of action would be for you to prosecute the cases, and let the court determine the matter.
From all of the foregoing, it is our opinion that a New York policeman lacks authority to issue a uniform traffic ticket within New Jersey for a Motor Vehicle Law violation occurring within the Town of Orangetown, New York.