■    In the Matter of the Arbitration between ALLCITY INSURANCE COMPANY, Appellant, and ELIZABETH DI LORENZO et al., Respondents.— Orders, entered January 24, 1969 and February 25, 1969, unanimously affirmed, with $30 costs and disbursements to the respondents. Although CPLR 7503 (subd. [c]) may be applied to preclude the petitioner's application to stay arbitration (*Matter of Allstate Ins. Co.* [*Ness*], 32 A D 2d 912), the majority also conclude that the motorized bicycle was an automobile and a motor vehicle embraced within the terms of the uninsured motorist's indemnification indorsement. (See *Matter of Askey* [*General Acc. Fire & Life Assur. Corp.*], 30 A D 2d 632, affd. 24 N Y 2d 937.) Concur — Eager, J. P., Capozzoli, Nunez and Macken, JJ.; Tilzer, J. votes to affirm on constraint of *Matter of Allstate Ins. Co.* v. *Ness* (32 A D 2d 912), and *Cosmopolitan Mut. Life Ins. Co.* v. *Moliere* (31 A D 8d 924).

■    In the Matter of ARMANDO DEL GIORNO et al., Appellants, v. POLICE DEPARTMENT OF THE CITY OF NEW YORK et al., Respondents.— Order, entered on or about June 9, 1969, insofar as appealed from, unanimously reversed on the law, without costs or disbursements, the petition reinstated and the prayer for relief granted invalidating the designation of petitioner as a special patrolman by the Police Commissioner of the City of New York. Section 434a–7.0 of the Administrative Code of the City of New York does not authorize the Police Commissioner to designate the petitioner, a civil service employee of the Department of Social Services appointed to the position of special officer, a special patrolman. The section plainly excludes city employees from the Police Commissioner's authority to deputize special patrolmen. An administrative construction given to a statute may not in itself create an ambiguity where the statute is so plain as to leave nothing for construction. The fact that the statute has been re-enacted in the light of such construction, moreover, does not constitute adoption of its administrative construction. (*Biddle* v. *Commissioner*, 302 U. S. 573, 582; *McGoldrick* v. *Family Fin. Corp.*, 287 N. Y. 535, 539; *Matter of Kenler* v. *Murtagh*, 24 Misc 2d 864, revd. on other grounds 12 A D 2d 662.) Concur — Stevens, P. J., Tilzer, Markewich, Nunez and Bastow, JJ.