John V. Vaughn, J.
Plaintiff George L. Metz, Jr., is a licensed insurance broker in New York under License No. 77078. That he was the insurance broker for one Julius Vavro, who sustained a fire loss covered under a policy of insurance issued by Federal Insurance Co. The fire loss amounted to $21,392, and was paid to the assured under his policy and through negotiation of Sherwood Garner, the president of NACO Adjusters, Inc., doing business as National Adjustment Co.
The assured, Vavro, advised his broker, the plaintiff George L. Metz, Jr., of the fire loss on or about July 10, 1976, the date of the loss. The plaintiff did not feel qualified to handle the loss and called one William Roder in the belief that he was a public adjuster for fire loss. Mr. Roder advised that he was not a licensed public adjuster, but that he knew an experienced firm that could handle the matter.
Mr. Roder advised Sherwood Garner that Mr. Metz had an assured who had sustained a fire loss. Mr. Garner called on the telephone to Mr. Metz and advised him that he would *1068 handle the loss adjustment, and that since Mr. Metz was a broker, who would be legally entitled to share in any fee he received for adjusting the loss, that Mr. Metz would share on the basis of a 50/50 split after expenses were deducted from the total fee. Mr. Metz accepted this agreement and supplied any needed information about the assured and his policy.
A copy of the notice of loss was sent to the insurer and to Metz, the broker, by the defendant on July 12, 1976. No written agreement was entered into concerning the division of the defendant’s fee as a public adjuster on the loss.
On September 2, 1976, the loss was paid by the insurance carrier and subsequent to that the defendant was paid the sum of $2,674 as its fee. That the expenses of the adjustment were $674.
That the defendant tendered a check for $500 to the plaintiff through the plaintiff’s wife, Ann Metz. When the wife questioned the amount of the check, the offer of $500 was withdrawn and the check was not delivered by Sherwood Garner.
No payment has been made to the plaintiff. Defendant had a written memo with the assured to handle the loss.
Defendant moved to dismiss based on (1) the Statute of Frauds; (2) section 123 of the Insurance Law, and (3) section 129 of the Insurance Law.
The court denied the motions with respect to the Statute of Frauds and section 123 of the Insurance Law respectively on the grounds that the agreement when made could not be determined to be a contract for more than $1,000 since the amount of expenses were not determinable at the time of the oral contract, and that the plaintiff was a broker within the meaning of section 123 of the Insurance Law and entitled to share in the fee of a public adjuster.
The court finds that there was an agreement to pay the plaintiff, and that after the expenses were calculated, the fee to be split on a 50/50 basis was $2,000.
The court, having disposed of the defense of Statute of Frauds and section 123 of the Insurance Law, the question remaining is does section 129 of the Insurance Law govern a contract between a licensed public adjuster and a licensed insurance broker, thereby requiring a written memorandum of agreement to split an adjuster’s fee?
This issue appears to be ax question of first impression in *1069 this jurisdiction. Research discloses no New York decisions which have considered this question.
After considering the history of this section, it is evident that it was intended only to govern agreements between a broker and the insured. There is no indication that it was intended to govern agreements between a broker and persons other than an insured.
After considering the law revision notes, it becomes apparent that section 129 was intended to protect insureds from the unscrupulous practice of insurance brokers. The legislative history gives no indication that this section was enacted to protect persons other than insureds. Accordingly, this section is not applicable to an agreement between a broker and public adjuster, and the court renders judgment in favor of the plaintiff and against the defendant in the sum of $1,000.