■ In the Matter of COUNTRY-WIDE BROKERAGE, INC., et al., Petitioners v THOMAS A. HARNETT, as Superintendent of Insurance of the State of New York, Respondent.—Determination of the respondent, Superintendent of Insurance, dated May 6, 1976, which, after a hearing, found petitioners guilty of violating section 129 of the Insurance Law for demanding and receiving a service charge from clients in contemplation of prospective services, further found that such violation demonstrated petitioners' untrustworthiness under section 132 of the Insurance Law and directed that petitioner Country-Wide Brokerage Inc., in lieu of revocation or suspension of its license, pay a $250 penalty and that petitioners, Richard E. Rivera and Leslie J. Adler, in lieu of revocation of their respective licenses, each pay a penalty of $100, is hereby unanimously annulled, on the law, without costs and without disbursements. Petitioners, insurance brokers and agents, were charged with obtaining brokerage service charge agreements from their insureds which allegedly were contrary to section 129 of the Insurance Law and Insurance Department rulings in that they provided for payment

of a service charge by their insureds in connection with the procurement of assigned risk automobile insurance policies. Both insureds had executed written agreements wherein they promised to pay $25 in consideration for "extra services" to be rendered by petitioners. Though the extra services to be furnished, under each agreement, varied in some respects the services were specified and included among other things, securing license plates, unlimited notary services, financing and placing insurance and aid and assistance in filling out registration, license, and claim forms. Subdivision 1 of section 129 of the Insurance Law provides: "No insurance broker may receive any compensation, other than commissions deductible from premiums on insurance policies or contracts, from any insured or prospective insured for or on account of the negotiation or procurement of, or other services in connection with, any contract of insurance made or negotiated in this state or for any other services on account of such insurance policies or contracts, including adjustments of claims arising therefrom, *unless such compensation is based upon a written memorandum, signed by the party to be charged, and specifying or clearly defining the amount or extent of such compensation*". (Emphasis added.) The statute does not prohibit a broker from receiving additional compensation for his services and this is so whether the services be denominated additional, normal or prospective. All it requires is that payment for those services be evidenced by a writing signed by the insured and specifying the amount or extent of the compensation paid for those services. The nature of the services to be furnished need not even be described or detailed in any way. Being clear and unambiguous the statute must be interpreted as it is written *(New Amsterdam Cas. Co. v Stecker,* 3 NY2d 1, 6), and administrative construction, where as here none is needed, is unallowable. *(Matter of Del Giorna v Police Dept. of City of N. Y.,* 33 AD2d 665, affd 26 NY2d 821.) Since petitioners have memoranda signed by their insureds which clearly define the compensation to be paid they have not violated the provisions of section 129 of the Insurance Law and respondent's determination to the contrary must therefore be annulled. Because respondent's determination that petitioners were untrustworthy, was based solely upon its finding that section 129 had been violated, that determination must also be annulled and the penalties imposed therefor, and collected by the Department of Insurance, must be returned to the petitioners. If respondent is correct in its assertion that agreements of this kind are simply a subterfuge for exacting additional and unauthorized compensation for brokerage services, then appropriate legislation remedying the situation should be obtained. Concur—Kupferman, J. P., Evans Capozzoli, Lane and Yesawich, JJ.