█ In the Matter of AIRBORNE FREIGHT CORPORATION, Petitioner, v PHILIP R. MICHAEL, as Commissioner of Finance of the City of New York, Respondent. — In this CPLR article 78 proceeding, transferred to this court by order of the Supreme Court, New York County (S. Levy, J.), entered on July 27, 1982, seeking to annul the determination of respondent Commissioner of Finance of the City of New York, which imposed a tax deficiency against petitioner in the amount of $578,565.36 (principal plus interest minus a credit of $11,213.82 paid on transportation corporation tax), petition granted to the extent of annulling the finding of deficiency as to 1976 and all prior years and otherwise confirmed, without costs or disbursements, and the matter remanded for an assessment of the amount due. On October 16, 1980, respondent Commissioner of Finance of the City of New York issued a notice of deficiency against petitioner Airborne Freight Corporation under the New York City general corporation taxes for the period October 17, 1968 through December 31, 1978 in the amount of $547,005.72. The petitioner thereupon requested a hearing with regard to the assessment, which was duly conducted. At the hearing, it was established that Airborne was an air freight forwarder authorized and regulated by the Civil Aeronautics Board. Its business consisted of picking up packages from customers and conveying them to various airline terminals for shipment by air, then retrieving the parcels at the conclusion of the trip and delivering them to the consignee. Petitioner did not own or operate any planes, and its bills reflected separate costs for the air transport and the ground pick-up and delivery. However, petitioner, a corporation doing business in New York City, had filed tax returns as a transportation corporation rather than a general corporation. A corporation which is subject to the transportation corporation tax (Administrative Code of City of New York, § R46-51.0) is not required to pay the general corporation tax (Administrative Code, § R46-3.0 *et seq.*). According to subdivision 2 of section R46-51.0: "For the privilege of doing business or holding property in the city every corporation, joint stock company or association formed for or principally engaged in the conduct of aviation, steamboat, ferry (except a ferry company operating between any of the boroughs of the city under a lease granted by the city), or navigation business, or formed for or principally engaged in the conduct of two or more of such business * * * shall pay, in advance, an annual tax to be computed upon the basis of the amount of its capital stock within the city during the preceding year, and upon each dollar of such amount." The hearing referee, in upholding the tax deficiency and imposing additional interest in the sum of $578,565.36, concluded that Airborne had not demonstrated that "it was formed for or engaged in the conduct of an aviation business". He also rejected petitioner's claim that a portion of the assessment was barred by the three-year Statute of

Limitations. In the view of the referee, Airborne was obliged to file returns under its proper tax category as a general business corporation. Having failed to do so, it was liable for the amount due under the general corporation tax for all of the years in the audit period. On February 5, 1982, the Commissioner of Finance issued a determination adopting the findings of the referee, and petitioner thereafter commenced the instant article 78 proceeding. Respondent properly decided that a corporation which does not own or operate airplanes is not in the business of aviation and, therefore, does not qualify for the transportation corporation tax. This conclusion is buttressed by the fact that the amount of the transportation corporation tax is computed upon the company's capital stock in the city as ascertained by the average of three ratios, one of which is the ratio of scheduled aircraft arrivals and departures within the city to scheduled aircraft arrivals and departures within and without the city. (Administrative Code, § R46-51.0, subd 8.) Clearly, a corporation which does not own or operate airplanes cannot have scheduled landings and take-offs of aircraft. Moreover, the Court of Appeals in *Emery Air Frgt. Corp. v Tishelman* (55 NY2d 740), recently upheld an administrative finding that a company which is engaged in the same business as that of petitioner was not operating an airline as a common carrier. Although the tax at issue in that case (commercial rent) is different than the one involved here, the two situations are analogous. Petitioner, however, correctly contends that it is only subject to a three-year deficiency assessment under section R46-64.0 of the Administrative Code. Although the statute lists the failure to file a return as one of the exceptions to the three-year Statute of Limitations, it appears that there is only one city business tax. (Administrative Code, tit R, ch 46.) The city business tax is composed of a number of separate parts setting forth differing tax rates which are measured on varying bases depending upon the nature of the corporation, but it nonetheless constitutes an integrated corporate tax structure. As such, one Statute of Limitations is applicable to the entire City Business Tax Law. Thus, respondent unreasonably construed the relevant statute as permitting a deficiency unlimited in time wherever the taxpayer files a city business tax return but one that is within the wrong category. (See *Matter of Montauk Improvement v Procaccino,* 50 AD2d 414, mod on other grounds 41 NY2d 913.) Respondent was, consequently, not authorized to assess a tax deficiency as to 1976 and all years prior thereto. Concur — Kupferman, J. P., Carro, Silverman, Milonas and Kassal, JJ.