■ APEX AIR FREIGHT, INC., Respondent, v CAROL O'CLEIREACAIN, as Finance Commissioner of the City of New York, Appellant. [619 NYS2d 38] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about April 14, 1993, which held that plaintiff need not exhaust administrative remedies and granted plaintiff judgment declaring that

plaintiff is protected by the three-year statute of limitations and that defendant is barred from assessing any tax against it for the period before 1988, unanimously affirmed, without costs.

The court properly determined that plaintiff need not exhaust administrative remedies as the matter involved solely an issue of law *(see, Matter of Herberg v Perales,* 180 AD2d 166, 169) and resort to administrative remedies would cause plaintiff irreparable harm *(Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57).

The Commissioner is barred by the three-year statute of limitations (Administrative Code of City of NY § 11-674 [1]) from assessing General Corporation Tax unless "no return" or a "fraudulent return" is filed (Administrative Code § 11-674 [3] [a] [1], [2]), and by a six-year statute of limitations if the "return" omits certain amounts from gross income (Administrative Code § 11-674 [4]). The Activities Reports (Form NYC-425) filed annually by plaintiff, a New Jersey corporation, since 1966, on the form promulgated by the Commissioner of Finance for corporations disclaiming liability for General Corporation Tax, are "returns" for purposes of the "no return" exception to the three-year statute of limitations. Since a "return" is defined as "a report or return of tax" (Administrative Code § 11-671 [2] [b]), and the provision imposing a deadline for annual filings under the General Corporation Tax by both corporations paying and disclaiming describes all as "returns" (Administrative Code § 11-605), "[b]eing clear and unambiguous the statute must be interpreted as it is written" *(Matter of Country-Wide Brokerage v Harnett,* 58 AD2d 517, 518). Plaintiff followed the procedures prescribed by the Commissioner for disclaiming tax liability using the specific forms so designated, and since the business tax structure is an integration of many parts, the taxpayer should not be penalized by following the rules of one of the parts *(see, Matter of Airborne Frgt. Corp. v Michael,* 94 AD2d 669, 670). Concur— Murphy, P. J., Rosenberger, Ross, Rubin and Williams, JJ.