■ MICHAEL J. GIBBONS et al., Appellants, v DEWITT STERN GROUP, INC., et al., Respondents, et al., Defendant. [733 NYS2d 692] —In an action, *inter alia*, to recover damages for breach of fiduciary duty, the plaintiffs appeal from a judgment of the Supreme Court, Putnam County (Sweeny, J.), dated August 2, 2000, which, upon an order of the same court dated February 29, 2000, granting that branch of the motion of the defendants DeWitt Stern Group, Inc., and Stanley Levine which was to dismiss the first, second, third, and fourth causes of action insofar as asserted against them, and upon an order of the same court dated July 3, 2000, which, upon reargument, granted that branch of the motion of those defendants which was to dismiss the fifth cause of action insofar as asserted against them, dismissed the complaint insofar as asserted against those defendants.

Ordered that the judgment is affirmed, with costs.

The plaintiffs obtained a homeowner's insurance policy through the services of the defendants DeWitt Stern Group, Inc., and Stanley Levine (hereinafter collectively referred to as the broker defendants). When the plaintiffs' home was de-

stroyed by fire, they filed a timely claim with their insurer, and sought the assistance of the broker defendants to adjust the claim. The broker defendants were allegedly unable to do so, and referred the plaintiffs to the defendant GSA, Inc. (hereinafter the public adjuster).

The plaintiffs entered into an agreement with the public adjuster, pursuant to which it was to receive a 6% commission on the insurance proceeds recovered by the plaintiffs in exchange for the performance of its services. Ultimately, the plaintiffs recovered $549,740, from which the public adjuster received a commission of approximately $33,000. Unbeknownst to the plaintiffs, the public adjuster then gave the broker defendants a referral fee of approximately $16,000. The plaintiffs alleged, *inter alia*, that the broker defendants' receipt of a referral fee violated Insurance Law § 2119 (c) (1). The Supreme Court granted that branch of the broker defendants' motion which was to dismiss the first, second, third, and fourth causes of action insofar as asserted against them, and, upon reargument, that branch of their motion which was to dismiss the fifth cause of action insofar as asserted against them. As a result, the complaint was dismissed insofar as asserted against the broker defendants. We affirm.

In pertinent part, Insurance Law § 2119 (c) (1) provides: "No insurance broker may receive any compensation * * * *from any insured* or prospective insured for or on account of the negotiation or procurement of, or other services in connection with, any contract of insurance made or negotiated in this state or for any other services on account of such insurance polices or contracts, including adjustment of claims arising therefrom, unless such compensation is based upon a written memorandum, signed by the party to be charged, and specifying or clearly defining the amount or extent of such compensation" (emphasis supplied). This statute, which was intended to regulate fees other than commissions (*see, McKinnon v International Fid. Ins. Co.,* 182 Misc 2d 517), protects insureds from unscrupulous insurance brokers who could otherwise charge additional fees without the insured's knowledge (*see, Metz v National Adj. Co.,* 89 Misc 2d 1067; *Aeropulse, Inc. v Armstrong & Brooks,* 740 F Supp 938). Pursuant to the statute, an insurance broker may not charge for additional services without the express written consent of the insured. An insurance broker is not precluded from earning an additional fee from the insured if it is contemplated by a written agreement between them (*see, Matter of Country-Wide Brokerage v Harnett,* 58 AD2d 517).

Given the purpose of the statute, it has no application to this case (*see, Metz v National Adj. Co., supra; Srein v Soft Drink Workers Union*, 93 F3d 1088). Indeed, the plaintiffs were charged no hidden or additional fees by the broker defendants (*cf., Evvtex Co. v Hartley Cooper Assocs.*, 911 F Supp 732, *affd* 102 F3d 1327). Rather, the plaintiffs agreed to pay the public adjuster a 6% commission, which the public adjuster chose to share with the broker defendants. This is a practice expressly permitted by the rules of the New York State Insurance Department (*see,* 11 NYCRR 25.3), and it was not to the plaintiffs' detriment. As the referral fee was not prohibited by the Insurance Law, the causes of action predicated upon the alleged violation thereof which were asserted against the broker defendants were correctly dismissed.

The plaintiffs' remaining contentions are without merit. S. Miller, J. P., Luciano, Schmidt and Smith, JJ., concur.